14854

LINFORS v. UNITY LIFE INS. CO.

(1 S. E. (2d), 781)

*Messrs. Thomas, Lumpkin & Cain,* for appellant, ▮

*Mr. Clarke W. McCants,* for respondent, ▮

March 15, 1939.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Gustav Adolph Linfors was insured in the appellant life insurance company, the policy being in the sum of $1,000.00, and made payable to his wife, Mrs. Ann McDermid Linfors. The insured died the 1st day of November, 1937. The insurance company denied liability and refused payment on the ground that the policy had lapsed for the nonpayment of premium.

The plaintiff alleged in her complaint that "the said Gustav Adolph Linfors paid, or there was an offer to pay, all the

premiums in his behalf as provided for in said insurance policy up to the date of his death * * * ." She also pleaded waiver by the defendant of strict compliance with the requirement for payment of premiums on the exact date due.

In addition to its plea that the policy had lapsed for non-payment of premiums, the defendant sets out the provisions of the policy which relate to "Grace and Privilege in Payment of Dues," wherein it is provided that such payment shall be due on the first day of the first calendar month, etc. Failure to make payment of dues on or before the last day of the month when due shall lapse this policy.

It is undisputed that the payment of the premium on this policy fell due on the last day of October, 1937, which was the last day of grace, and that Gustav A. Linfors died at 8:30 the next morning, Monday, November 1. Up to that time and premium had not been paid. It was tendered that morning, but the company refused to accept. This action was brought and was heard in the County Court for Richland County by Judge Holman and a jury.

There was much testimony revolving around the question whether the insurance company, by accepting payment of premiums after the date they became due, had waived the payment of them at the very date they became due; and testimony of the defendant to show that in such instances the extension of time of payment of premium was predicated upon written proof of good health of the insured, or by the personal inspection of the insured.

At the conclusion of all of the testimony, the defendant moved for a directed verdict on the grounds that:

The premium was due on October 1, 1937, and was not paid on or before the last day of that calendar month, as required by the terms of the policy and the by-laws of the company. That there was no waiver proved in the case. That there can be no payment of a premium after the death of the insured so as to give life to a contract; that there was

no one living who had been contracted with who could rely upon waiver. That the waiver cannot make the contract. That there is no evidence that the insured paid, or attempted to pay, the premium due for the month of October, 1937, during that calendar month. That it is mere speculation to say that the insured would have paid that premium on Monday following the last day of October, which was Sunday, if he had been alive.

The motion for directed verdict was denied.

In his charge, the trial Judge said, *inter alia:* "* * * The only question or issue that is before you, under the ruling of the Court, is the question of waiver, which I will later explain to you. * * *"

He also charged : "* * * You might consider this question, Gentlemen, as to whether or not the deceased would have paid the premium had he lived."

The verdict was for the plaintiff for the amount sued for, and defendant appeals on exceptions which embody the grounds upon which the motion for directed verdict was made, and that it was error to submit to the jury the following question: "Whether the deceased would have paid the premium had he lived."

The battle was fought largely upon the issue of waiver by the company and much of the argument of counsel for both parties is directed to that issue.

Frankly, we think the trial Judge was in error when he said to the jury: "The only question, or issue, before you, under the ruling of the Court, is the question of waiver." And we think he was in error when he charged that the jury might consider the question whether the deceased would have paid the premiums if he had lived.

In the view which we take of the case, there is a more cardinal and controlling question than that of waiver, and we think that to permit the jury to consider the question whether the deceased would have paid the premium if he had lived was to open wide to them the door of conjecture

and speculation, whereas the settled rule of this jurisdiction is that verdicts may not be based on conjecture or speculation.

In our judgment, the dominating, controlling question in this appeal is this: The last day of grace, which by the terms of the policy and the by-laws of the company, was the last day of the calendar month, in this instance the 31st day of October, fell on Sunday; Did the insured have the right to pay the premium on Monday, November 1?

We are frank to admit that there is considerable diversity of opinion from the several State and Federal Courts, but we think that those which hold that the insured did have the right in such circumstances to pay the premium on the Monday immediately following the Sunday which was the last day of the month in which it fell due are more in accord with the spirit governing our Courts, than are those which hold that the policy is lapsed if the premium is not paid on or before the last day of the calendar month, even if that day be Sunday.

In the case of *Welch v. Missouri State Life Ins. Co.,* 176 S. C., 494, 180 S. E., 447, 450, Mr. Justice Fishburne, who wrote the opinion, cited from 32 C. J., 1347, the following: "A forfeiture for nonpayment of premium is not favored in the law, and the courts are prompt to seize upon circumstances which indicate an election to waive the forfeiture.   *   *   *"

Touching what is lawful to be done on Sunday, we have the following from our statutes:

"Where the day, or the last day, for doing any act herein required or permitted to be done falls on Sunday or on a holiday, that act may be done on the next succeeding secular or business day." Section 6945, Vol. 3, Code 1932.

It is true that this section relates to the Negotiable Instruments Act, but it is indicative of the policy of our statutes to hold inviolate the sanctity of the Sabbath Day.

From the same statute the following is taken: "Every negotiable instrument is payable at the time fixed therein without grace. When day of maturing falls upon Sunday, or a holiday, the instrument is payable on the next succeeding business day. * * *" Section 6836, Vol. 3, Code 1932.

"Any commercial paper, or other security, which shall mature and become payable and collectible on Sunday, or on any legal holiday, shall be deemed and taken and treated as maturing and becoming payable and collectible on the next day thereafter, provided such next day shall not be Sunday or legal holiday; in which latter event the same shall be deemed, taken and treated as due, maturing and collectible on the first day thereafter which is not Sunday or a legal holiday." Section 6750, Vol. 3, Code 1932.

"*Time—How Computed.*—The time within which an act is to be done, as herein provided, shall be computed by excluding the first day and including the last. *If the last day be Sunday, it shall be excluded.*" (Italics added.) Section 821, Vol. 1, Code 1932.

"*Penalty for Working on Sunday.*—No tradesman, artificer, workman, laborer, or other person whatsoever, shall do or exercise any worldly labor, business, or work of their ordinary callings upon the Lord's Day (commonly called the Sabbath), or any part thereof (work of necessity or charity only excepted); * * *."

In a note to the case of *Brown v. Vailes,* a Colorado case, 14 L. R. A., 120, the following are cited:

"A power that may be exercised up to and including a certain day of the month may generally be exercised on the following Monday when that day falls on Sunday. *Street v. United States,* 133 U. S., 299 [10 S. Ct., 309], 33 L. Ed., 631.

\* \* \*

"In general performance on the following Monday is in time where by the terms of a contract it is due on Sunday.

*Avery v. Stewart,* 2 Conn., 69, 7 Am. Dec., 240; *Salter v. Burt,* 20 Wend. [N. Y.] 205, 32 Am. Dec., 530; *Howard v. Ives,* 1 Hill [N. Y.] 263; *Campbell v. International L. Assur Soc.,* 4 Bosw. [298] 299 [17 N. Y. Super. Ct. 298, 299]; *Kilgour v. Miles,* 6 Gill & J. [Md.] 268.

\* \* \*

"If the last day given by an insurance policy for the payment of premium falls on Sunday, payment may be made on the following day. *Hammond v. American Mut. Life Ins. Co.,* 10 Gray [Mass.] 307.

"So also as to the last of the thirty days of grace for the payment of such premium. *Campbell v. International L. Assur. Soc., supra."*

A more elaborate excerpt from the *Hammond case,* a Massachusetts case, *supra,* is as follows:

" \* \* \* the premium is not payable until Monday, even if the assured dies on Sunday afternoon.

\* \* \*

" \* \* \* In other words, Sunday is not a legal day for the performance of contracts and doing secular business. The statute law forbids all such acts. The party paying and the party receiving money on that day in discharge of a contract would subject themselves to a penalty for so doing. Sunday was not a day contemplated by the parties as embraced in the stipulation to pay a quarterly premium on the first day of October in each and every year during the life of the party assured. The defendants had no office open on that day, and were under no obligation to receive the payment of the premium on that day, if the same had been tendered by the assured. Such being the case, the assured was under no obligation to do what would have been not only an illegal act, but also one which the other party was not bound to recognize. In this view of the case there was no default on the part of the assured, in not paying the premium fully

due on the 1st of October, as should be held to terminate the policy."

In the case at bar, there is no question that the defendant's office was not open to receive payment of premiums due on Sunday.

The case of *Ætna Life Ins. Co. v. Wimberly,* 102 Tex., 46, 112 S. W., 1038, 132 Am. St. Rep., 852, is reported in 23 L. R. A. (N. S.), at page 759. Counsel for appellant relies on this case in support of its contention that inasmuch as the insured in this case at bar did not pay the premium due on the last day of grace, to wit, October 31, the policy lapsed at midnight of that day. We do not think that case is open to that construction. The Texas Court held (see syllabus) : "In computing the days of grace allowed in an insurance policy for payments after the date specified in the policy, in case such date falls on Sunday, so that, by law, payment can be made the following day, the time begins to run on Sunday, and not on the day following."

As we understand that utterance, it means that when the day fixed in the policy for the payment of the premium fell on Sunday and it was necessary to calculate the days of grace so as to fix the last day in which the premium might be paid, the calculation began with the Sunday on which the premium first became due, and not on the day following thereafter. But this does not dispute the proposition that if the premium falls due on Sunday it may be paid the next day—Monday.

In the note to the *Wimberly case, supra,* this occurs : "A search has disclosed no case in addition to *Aetna L. Ins Co. v. Wimberly* in which a question as to the computation of days of grace, where the date specified in the policy for the payment of the premium has fallen on Sunday or a holiday, has arisen, but in the following cases it has been held that where the last day of grace falls on Sunday, payment can be made on the Monday following." Citing the *Hammond* and *Campbell cases, supra.*

In our judgment, there is reliable authority for the position which we take that in the present case the assured had until and through Monday, November 1, to pay the premium which fell due on Sunday, October 31.

But the appellant argues that the insured died at 8:30 a. m., Monday November 1, and there was no one alive to pay the premium, and, hence, the policy lapsed. We are of the opinion, and so hold, that insured had until and through Monday to pay the premium, and as he died at 8:30 a. m., it follows as a necessary corollary that he died while his policy was in force, and, hence, it is immaterial whether or not the premium was paid. It is, however, undisputed that the premium was offered to be paid Monday morning, and payment was refused by the appellant.

The exceptions are overruled and the judgment is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.