## 20864

SOUTH CAROLINA ELECTRIC AND GAS COMPANY, Respondent,
v. The PUBLIC SERVICE COMMISSION of South Carolina,
Daniel R. McLeod, as Attorney General of South Carolina, Mid-
lands Welfare Rights Organization, People Are Coming Sponsoring
Committee, Roy W. Smith, Holly Hill Lumber Company, Inc., and
Gifford Hill Company, Inc., Defendants, of whom The Public Ser-
vice Commission of South Carolina is a Respondent, Daniel R.
McLeod, as Attorney General of South Carolina, is an Appellant,
and Midlands Welfare Rights Organization, People Are Coming
Sponsoring Committee, and Roy W. Smith are Appellants.

(251 S. E. (2d) 753)

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Harry B. Burchstead, Jr., Nathan Kaminski, Jr.,* and *James W. Johnson, Jr.,* Columbia, *for appellant McLeod.*

*Robert Guild,* Columbia, *for appellant Midlands Welfare Rights Organization; Tom Turnipseed,* West Columbia, *for appellant People Are Coming Sponsoring Committee;* and *Roy W. Smith, pro se.*

*Hubert E. Long,* Lexington, and *Patricia T. Marcotsis,* Columbia, *for respondents S. C. Elec. & Gas.*

*Robert T. Bockman* and *William E. Booth, III,* Columbia, *for respondent S. C. Public Service Commission.*

January 29, 1979.

GREGORY, Justice.

Respondent South Carolina Electric and Gas Company [SCE&G] brought this action to review two orders of the Public Service Commission [Commission]. This appeal is from the order of the lower court denying appellants' motion to dismiss the action for lack of subject matter jurisdiction. The issue is whether the lower court correctly held it had subject matter jurisdiction. We affirm.

The facts relevant to this appeal are not disputed. By its order dated December 13, 1977 the Commission ordered respondent SCE&G to refund in excess of seven million ($7,000,000) dollars to its retail electric customers. SCE&G filed a petition for rehearing with the Commission on Tuesday, December 27, 1977. The petition for rehearing was denied on January 4, 1978. Thereafter, on January 16, 1978, SCE&G initiated this action in the Richland County Court of Common Pleas seeking review of the Commission's orders.

On January 20, 1978 the appellants, Midlands Welfare Rights Organization, People Are Coming Sponsoring Committee, Roy W. Smith and the Attorney General moved before the lower court to dismiss the action for lack of subject matter jurisdiction. The lower court denied the motion to dismiss and this appeal by the appellants followed.

The jurisdiction of the circuit court to review orders of the Commission is derived from Section 58-27-2310, 1976 Code of Laws of South Carolina:

Any party in interest being dissatisfied with an order of the Commission may commence an action in any court of competent jurisdiction against the Commission and other

interested parties as defendants to vacate or set aside, either in whole or in part, any such order on the ground that the order is unlawful or unreasonable. But no cause of action shall accrue to vacate or set aside, either in whole or in part, any order of the Commission, except an order on a rehearing, unless a petition to the Commission for a rehearing has been filed and refused or deemed refused because of the Commission's failure to act thereon within twenty days. Any action brought hereunder must be commenced within thirty days from the date of service of notice of the order of the Commission on a rehearing or of its refusal of a petition for rehearing, either by order or failure to act thereon within twenty days.

Under Section 58-27-2310 the courts may not review any order of the Commission "except an order on a rehearing, unless a petition to the Commission for a rehearing has been filed and refused."

All petitions for a rehearing of an order of the Commission must be filed "within ten days after service of notice of the entry of the order." Section 58-27-2150, 1976 Code.

Here, the appellants contend that the circuit court lacks subject matter jurisdiction over this action because SCE&G filed its petition for a rehearing more than ten days after service of notice of the entry of the Commission's order.

The Commission's order is dated December 13, 1977. On that day an agent of SCE&G traveled to the Commission's offices and picked up a copy of the order. Thereafter, the Commission sent a certified copy of the order to SCE&G by certified mail, return receipts requested. The return receipts were executed December 14, 1977.

The first dispute presented by this appeal is whether SCE&G was served with notice of the entry of the Commission's order on December 13, 1977, or December 14, 1977.

The Commission is required by Section 58-27-2110 to serve a copy of its order, certified under the seal of the

Commission, upon the electrical utility against whom the order runs. Rule 103-876 of the Commission's Rules of practice and procedure provides that service of all orders representing the final disposition of a formal proceeding shall be made by the executive director of the Commission by certified mail or by personal service.

Both the Commission and the lower court found that SCE&G was served with a copy of the Commission's order as required by Section 58-27-2110 and Rule 103-876 on December 14, 1977. This finding is wholly supported by the evidence and is affirmed.

In order for SCE&G's petition for a rehearing to have been timely filed, it must have been filed within ten days after December 14, 1977. The second and central issued presented by this appeal is what method should be used to compute the running of the ten day period.

The appellants argue that Section 15-1-20, 1976 Code, is applicable. Section 15-1-20 provides as follows:

The time within which an act is to be done shall be computed by excluding the first day and including the last. If the last day be Sunday it shall be excluded.

Under Section 15-1-20, the last day for SCE&G to have timely filed its petition for a rehearing would have been Saturday, December 24, 1977.

Respondents SCE&G and the Commission argue that Section 15-1-20 is inapplicable to proceedings before the Commission, and that Commission Rule 103-842 should be used to compute the ten day period. Rule 103-842 provides:

Except as otherwise provided by law, computation of the time period for mailing or serving a pleading shall not include the actual day of the filing of the pleading with the commission, but the last day of the required time period shall be included unless that day is a Saturday, Sunday or legal holiday. Extensions of time may be granted by the commission for good cause shown.

Under Rule 103-842, the tenth day would have been Saturday, December 24, 1977, and would have been excluded. The next day, Sunday, December 25, 1977 would also have been excluded as would the following day Monday, December 26, 1977.[1] Thus, under Rule 103-842, the last day for SCE&G to timely file its petition for a rehearing would have been Tuesday, December 27, 1977.

SCE&G filed its petition for a rehearing on December 27, 1977.

Section 15-1-20 was enacted as Section 422 of Chapter X of Title XII of Part II of Act No. 300 of the 1870 Acts of the General Assembly. As originally enacted Section 15-1-20 contained language that is not found in the present codified version. Section 15-1-20 originally read as follows:

Sec. 422. The time within which an act is to be done, *as herein provided,* shall be computed by excluding the first day and including the last. If the last day be Sunday, it shall be excluded. (Emphasis added).

The phrase "as herein provided" was omitted from the statute when the code was revised in 1952.

In its present form, Section 15-1-20 appears to be a general time computation statute applicable to any occasion when time must be computed. As originally enacted, however, the application of the statute was limited by the phrase "as herein provided" to proceedings within Act No. 300 of 1870.

In the codification of a statute, as distinguished from amendment, changes in phraseology or the omission or addition of words do not necessarily require a change in the construction of the original act. The rule favoring the construction borne by the original statute or sections is applied, even though in the course of revision or consolidation the language may have been somewhat changed. The revised or consolidated statute will be construed as bearing the same meaning as the original statute or section unless

---

[1] December 26, 1977 was a legal holiday. Section 53-5-10, 1976 Code.

the language of the revision or consolidation plainly requires a change of construction to conform to the manifest intent of the legislature. These rules are based upon the fact that new language may be attributed to a desire to condense and simplify the law, or to improve the phraseology. *State v. Conally,* 227 S. C. 507, 88 S. E. (2d) 591 (1955).

The phrase "as herein provided" was removed from Section 15-1-20 by the Code Commissioner as part of the 1952 decennial revision of the Code. When this change in phraseology is considered in the light of the above stated rules, it does not appear the legislature intended to change the meaning borne by the original statute. Although the change in phraseology was apparently intended to clarify the law, the effect of omitting this language from Section 15-1-20 was to create uncertainty regarding the application of the statute; "[to] cast doubt where before it was clear." *State v. Conally, supra.*

Section 15-1-20 should be read in its original form. It is consonant not only with the purpose of the law but also with common sense to supply the omitted words in the revision. Thus reconstituted, Section 15-1-20 is inapplicable to proceedings before the Commission.

SCE&G and the Commission argue that Commission Rule 103-842 should be employed to compute the running of the statutory ten day period within which SCE&G must have filed its petition for a rehearing.

Section 58-27-1910, 1976 Code, authorizes the Commission to "prescribe rules governing pleadings, practice and procedure before it not inconsistent with . . . any other provisions of law." Clearly, the time for filing a petition for a rehearing is a matter involving "pleadings, practice and procedure." Section 58-27-2150 requires that a petition for a rehearing be filed within ten days after notice of the entry of an order of the Commission, but it does not specify the manner for computing the ten days. Since we have held that Section 15-1-20 is inapplicable to proceedings before

the Commission, there is no statute or other provision of law governing the computing of the ten day period, and the Commission is free to promulgate a time computation rule.

■ Commission Rule 103-816 provides that the Commission offices will be open for business Monday through Friday of each week subject to the observance of State holidays. Thus, the Commission is closed on Saturdays, Sundays, and all State holidays. Rule 103-842, the Commission's time computation rule, extends beyond a terminal Saturday, Sunday, or holiday the time for filing or serving a required pleading.

The Commission applied its Rule 103-842 to this action and held that SCE&G timely filed its petition for a rehearing on December 27, 1977. The lower court affirmed this action of the Commission. We find no basis for disturbing the Commission's interpretation and application of its own rule.

According, the order of the lower court finding it has jurisdiction over the subject matter of this action is affirmed, and the case remanded to the lower court for review of the Commission's orders.

Affirmed and remanded.

Lewis, C. J., and Littlejohn, Ness and Rhodes, JJ., concur.