22851

The KNIGHT PUBLISHING COMPANY d/b/a The Charlotte Observer, Respondent v. UNIVERSITY OF SOUTH CAROLINA and Carroll Campbell, Presiding Officer, ex-Officio, Othniel H. Wienges, Jr., Chairman; Michael J. Mungo, Vice Chairman; R. Markley Dennis, Sr., Chairman Emeritus; Herbert C. Adams; Robert M. Bennett; Samuel A. Benson; William L. Bethea, Jr.; James Bradley; Michael L. Fair, ex-Officio; C. Edward Floyd; E. Cater Floyd; Samuel R. Foster, II; T. Ed Garrison, ex-Officio; Paul S. Goldsmith; Lily-Roland Hall; William Hubbard; Charles E. Simons, III; Louis C. Sossamon; Larry C. Weston; Charlie G. Williams; ex-Officio; Edward K. Pritchard, Jr., ex-Officio, as members of the Board of Trustees of the University of South Carolina, Appellants.

John MONK, individually and in his capacity as a reporter for The Knight Publishing Company d/b/a The Charlotte Observer, Respondent v. UNIVERSITY OF SOUTH CAROLINA and Carroll Campbell, Presiding Officer, ex-Officio, Othniel H. Wienges, Jr., Chairman; Michael J. Mungo, Vice Chairman; R. Markley Dennis, Sr., Chairman Emeritus; Herbert C. Adams; Robert M. Bennett; Samuel A. Benson; William L. Bethea, Jr.; James Bradley; Michael L. Fair, ex-Officio; C. Edward Floyd; E. Cater Floyd; Samuel R. Foster, II; T. Ed Garrison, ex-Officio; Paul S. Goldsmith; Lily-Roland Hall; William Hubbard; Charles E. Simons, III; Louis C. Sossamon; Larry C. Weston; Charlie G. Williams; ex-Officio; Edward K. Pritchard, Jr., ex-Officio, as members of the Board of Trustees of the University of South Carolina, Appellants.

(367 S. E. (2d) 20)

Supreme Court

Thomas E. McCutchen and Hoover C. Blanton of Whaley, McCutchen, Blanton & Rhodes, Columbia, for appellants.

Thomas S. Tisdale of Young, Clement, Rivers & Tisdale, Charleston, and Jonathan E. Buchan, Jr. of Helms, Mullis, & Johnston, Charlotte, N. C., for respondents.

Heard Feb. 2, 1988.

Decided March 28, 1988.

*Per Curiam:*

Respondents commenced these actions seeking disclosure of information pursuant to the Freedom of Information Act (FOIA), S. C. Code Ann. §§ 30-4-10 to -110 (Supp. 1986).[1] This appeal is from an order allowing discovery of certain documents and ordering limited depositions.[2] We vacate the order.

The appealed order allows discovery of documents that respondents ultimately seek disclosed as the subject of these FOIA actions. This order is directly appealable under S. C. Code Ann. §14-3-330(2)(a) (1976) because it in effect determines the action and prevents an appealable judgment. *Cf. Patterson v. Specter Broadcasting Corp.*, 287 S. C. 249, 335 S. E. (2d) 803 (1985).

---

[1] The FOIA was subsequently amended effective May 26, 1987, by 1987 Act No. 118.

[2] The appeal from the June 3, 1987, order providing for an in camera inspection of documents is moot because a decision on appeal would be without practical effect. *Jones v. Dillon-Marion Human Resources Dev. Comm'n*, 277 S. C. (2d) 533, 291 S. E. (2d) 195 (1982). The documents produced for in camera inspection have remained sealed. This Court has not inspected the documents upon assurances from respondents' counsel at oral argument that such an inspection was not necessary to resolution of this appeal.

The narrow issue before us is whether the trial judge lacked subject matter jurisdiction[3] because these actions were not timely brought pursuant to S. C. Code Ann. § 30-4-100(a) (Supp. 1986).

Section 30-4-100(a) provides:

> Any citizen of the state may apply to the circuit court for injunctive relief to enforce the provisions of this chapter in appropriate cases provided such application is made no later than sixty days following the date which the alleged violation occurs or sixty days after ratification of such act in public session whichever comes later.[4]

A statute that creates a new liability and affixes the time within which an action may be commenced is not a statute of limitation but a statute of creation; commencement within the time affixed is then an indispensable condition of the action. *Merchants Mutual Insurance Co., v. South Carolina Second Injury Fund,* 277 S. C. 604, 291 S. E. (2d) 667 (1982); *Hemingway v. Shull,* 286 F. Supp. 243 (D.S.C. 1968). Unless the action was timely commenced under § 30-4-100(a), the trial judge lacked subject matter jurisdiction and any order issued in this action is void.

The pertinent facts are these. On November 21, 1986, respondents requested from appellants information regarding a discretionary fund known as the R200 account. Appellants had already received several FOIA requests for this information from other media representatives. On the same day of respondents' request, November 21st, appellants resolved by public vote pursuant to § 30-4-20(c) that information regarding the R200 account was not a matter of public record subject to disclosure. Appellants responded specifically to respondents' November 21st request on December 15, 1986. Respondents made several later requests for the

---

[3] Although asserted as a defense in appellants' answer, the trial judge did not rule on this issue. A question of subject matter jurisdiction, however, may be considered for the first time on appeal. *Nix v. Mercury Motor Express, Inc.,* 270 S. C. 477, 242 S. E. (2d) 683 (1978).

[4] This statute was subsequently amended to allow a one year period instead of sixty days. 1987 Act No. 118, § 8.

same information that were also denied or answered only in redacted form. On January 27, 1987, and February 13, 1987, respondents commenced these actions.

Appellants contend the sixty-day period to commence these actions began on November 21, 1986, when the public vote for nondisclosure was taken. Respondents, on the other hand, contend the December 15th response specifically refusing their request is the date of the alleged violation and therefore the controlling date under § 30-4-100(a).

Respondents' position is untenable. An examination of the complaints in these actions supports the conclusion that November 21, 1986, is the date of the alleged violation. Respondents allege that either § 30-4-20(c) is unconstitutional or appellants did not comply with its provisions in voting for nondisclosure. Once a public vote is taken in accordance with § 30-4-20(c), the information in question is no longer a public record for purposes of the FOIA.[5] The alleged violation therefore occurred, if at all, at the time of the public vote on November 21, 1986.

Because respondents did not commence these actions within sixty days of November 21, 1986, the circuit court lacked subject matter jurisdiction to issue the appealed order. We need not address appellant's remaining exceptions. Accordingly, the order is

Vacated.

NESS, C. J., did not participate in this opinion.

----

[5] This statute was subsequently amended to retain this provision only if the vote was taken before January 20, 1987. 1987 Act No. 118, § 2.