1863

Julian P. ZARAGOZA, Respondent v. Neatta P. ZARAGOZA, Appellant.
(420 S.E. (2d) 516)

Court of Appeals

*Harvey L. Golden,* Columbia, *for appellant.*

*Neatta P. Zaragoza, pro se.*

*H. Jackson Gregory,* of *Gregory & Gregory,* Columbia, *for respondent.*

Heard May 5, 1992; Decided Aug. 10, 1992.

Reh. Den. Sept. 16, 1992.

SHAW, Judge:

In this domestic action, respondent-husband, Julian P. Zaragoza, filed an action seeking a divorce on the ground of one year's continuous separation. The appellant-wife, Neatta

P. Zaragoza, answered and counterclaimed. The trial judge granted the divorce. The wife appeals the trial court's failure to grant her motion to dismiss based on the husband's alleged mental incompetence, failure to appoint a guardian ad litem for the husband, and failure to allow the admission of certain testimony of one of her witnesses as an expert witness. We affirm.

The record reveals as follows. At trial, the wife appeared *pro se* and orally moved to dismiss the action on the ground that her husband was incompetent and no guardian ad litem had been appointed. The court ruled the motion was not a filed motion before the court and he therefore could not rule on it. The wife did not respond to this ruling. The parties proceeded with the hearing during which the husband testified he was a boxer in the military service and, after suffering a severe blow to the head, was retired on military disability because he suffered from a brain damage syndrome called dementia. He stated that dementia affects his memory and speech and gets progressively worse with age. At the time of the hearing, the husband was 32 years old. On cross-examination, he testified his doctors determined he needed a fiduciary to handle his financial affairs. He stated his driver's license is suspended. On redirect he testified that although he receives help from his mother, he lives by himself, is able to travel on his own, and makes his own plans after talking with his mother.

During cross-examination and on direct examination of the husband upon presentation of her case, the wife again moved to dismiss the action on the basis of the husband's incompetence. The trial judge again denied the motion finding the husband answered some of her questions fairly well and noted some of his problems with answering may have been attributed to the questions themselves.

In presenting her case, the wife called the husband's social worker and counselor from the V.A. Hospital, Rebecca Barnett. During direct examination, the wife asked Ms. Barnett whether some characteristics of the husband were symptomatic of dementia. The husband's attorney objected on the ground that the witness had not been qualified as an expert. The court sustained the objection finding his dementia was

not an issue before the court. The wife did not make any other proffer of evidence.

The wife contends the trial judge erred in denying her motion to dismiss for lack of subject matter jurisdiction based on her husband's alleged mental incompetence. She asserts the court did not have jurisdiction to adjudicate the matter of divorce without the appointment of a guardian ad litem. She summarily argues the issue of the husband's mental capacity was raised in her responsive pleadings which made it an issue before the court. We note the wife did not argue this position before the trial judge. It is questionable whether the issue was properly raised in her pleadings. While her answer and counterclaim sought a psychological evaluation of the husband, the pleadings did not specifically raise a jurisdictional issue based on the husband's mental capacity. .

We recognize, as pertains to the issue of subject matter jurisdiction, that the issue may be raised for the first time on appeal. *Knight Publishing Co. v. University of South Carolina*, 295 S.C. 31, 367 S.E. (2d) 20 (1988). *See* also Rule 12(h)(3), SCRCP ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); and Rule 2(a), SCRFC (generally, the rules of practice for the circuit court apply in all domestic relations actions). However, the wife's argument on appeal is bare and conclusory at best. She appears to argue that she is entitled to dismissal based solely on the fact that the husband is on disability retirement. She equates disability with mental incompetency such that the husband's disability automatically renders him mentally incompetent. She further asserts S.C. Code Ann. §§ 15-5-30 and 15-5-310 required the trial judge to appoint a guardian ad litem for the husband.

We first note §§ 15-5-30 and 15-5-310 were repealed in 1985 and Rule 17, SCRCP now governs such matters. Rule 17(b) provides that "[t]he capacity of a party to sue or be sued shall be determined by the law of this State." Rule 17(c) allows a representative of an incompetent person to sue or defend on behalf of that person and further provides that the court shall appoint a guardian ad litem for an incompetent person not otherwise represented in an action, or shall make such order

as it deems proper for the protection of an incompetent person. Rule 17(d)(6) provides as follows:

> If no application for appointment of a guardian ad litem be made by or in behalf of a[n] . . . incompetent party within thirty (30) days after service of the summons upon such party, then the guardian ad litem may be appointed upon application of *any other party* to the action, after first giving notice of such application to the person or persons to whom notice of application must be given. . . . (Emphasis added.)

There is no evidence the wife, or anyone else, ever applied for appointment of a guardian ad litem for the husband pursuant to Rule 17. No guardian having been appointed by application, under Rule 17(c) it was incumbent upon the trial judge to make such appointment or make such other order as deemed proper if the husband was an incompetent person.

While the trial judge ruled that the issue of the husband's mental capacity was not properly before the court, the wife persisted in attempting to introduce evidence on the matter, much of which came in without objection. At the close of all testimony, the trial judge noted that he did not believe the issue was properly raised, but nevertheless addressed the merits, stating as follows:

> Now, I've had an opportunity to hear all the testimony and the evidence in the matter and, in particular, Mr. Zaragoza's testimony from the stand, and I don't think there's any question that Mr. Zaragoza has some disability. Obviously, that's the case. He's drawing income as a result of a determined disability. But as I believe I stated earlier, . . . there's some question in the court's mind that disability would be equated to competency or lack of it.

> \*　\*　\*　\*　\*　\*

> I'm not, frankly, prepared to say that certain lapses in memory would equate to incompetency.

In his order, the trial judge specifically found the husband was sufficiently competent to proceed without the benefit of a guardian ad litem.

After a thorough review of the record, we find the trial

judge considered the husband's mental capacity and appropriately found no showing of incompetence necessitating the appointment of a guardian ad litem. Accordingly, we hold the trial judge had jurisdiction over the matter and properly denied the wife's motion to dismiss.

The wife also contends the trial judge erred in excluding the testimony of Ms. Barnett and refusing to qualify Ms. Barnett as an expert. A reading of the record reveals that the wife never requested that Ms. Barnett be qualified as an expert. Further, the wife failed to proffer the excluded testimony and this court is thus precluded from ruling on the issue. *See Greenville Memorial Auditorium v. Martin,* 301 S.C. 242, 391 S.E. (2d) 546 (1990) (an alleged erroneous exclusion of evidence is not a basis for establishing prejudice on appeal in absence of an adequate proffer of evidence in the court below).

For the foregoing reasons, the order below is affirmed.

Affirmed.

GARDNER and BELL, JJ., concur.