John CREECH, Plaintiff,

v.

N.D.T. INDUSTRIES, INC., d/b/a New Deal Technologies, Defendant.

Civ. A. No. 3:91–3496–19.

United States District Court,
D. South Carolina,
Columbia Division.

March 5, 1993.

Donald E. Jonas and Thomas K. Fowler, Jr., Columbia, SC, for plaintiff.

William O. Sweeny, III and Christopher J. Daniels, Nelson, Mullins, Riley & Scarborough, Columbia, SC, for defendant.

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SHEDD, District Judge.

This product liability action is before the Court on cross-motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff seeks summary judgment on defendant's tenth affirmative defense, in which defendant asserts the statute of limitations as a bar to plaintiff's causes of action.[1] Defendant seeks summary judgment on all of plaintiff's causes of action based on the applicable statute of limitations. While the parties have raised and briefed a variety of legal issues in support of their respective positions, it is unnecessary for the Court to address and resolve each issue. Instead, the Court, after carefully reviewing the record and controlling legal principles, concludes that plaintiff's commencement of this action was timely as a matter of law under the applicable statutes of limitation as computed under Rule 6(a) of the South Carolina Rules of Civil Procedure. Therefore, the Court will grant plaintiff's motion and deny defendant's motion.

I

■ Summary judgment is proper if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is not "a disfavored procedural shortcut, but rather [it is] an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 1). When the moving party properly supports its motion showing that it is entitled to judgment as a matter of law, the party opposing the motion must present "affirmative evidence" to establish a genuine dispute of material fact which is necessary to defeat the summary judgment motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257–58, 106 S.Ct. 2505, 2515, 91 L.Ed.2d 202 (1986). In reviewing a motion for summary judgment, the Court is required to view any permissible inferences to be drawn from the underlying facts in the light most favorable to the non-moving party. Moore v. Winebrenner, 927 F.2d 1312, 1313 (4th Cir.), cert. denied, — U.S. ——, 112 S.Ct. 97, 116 L.Ed.2d 68 (1991). If, after viewing the evidence in the light most favorable to the non-moving party, the Court finds that the non-moving party has failed to make a showing sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial, the Court must grant summary judgment against that party. Lujan v. National Wildlife Fed'n, 497 U.S. 871, 884, 110 S.Ct. 3177, 3186, 111 L.Ed.2d 695 (1990).[2]

■ In ruling on cross-motions for summary judgment, the Court must apply the same standard as it does for individual summary judgment motions. Arnold Pontiac-GMA, Inc. v. General Motors Corp., 700 F.Supp. 838, 840 (W.D.Pa.1988). Thus, the Court must rule on each motion independently, deciding in each instance whether the moving party has met its burden under Rule

---

1. Plaintiff also moved for summary judgment as to defendant's ninth affirmative defense, in which defendant asserted plaintiff's workers' compensation action and payment as a setoff. The Court has previously granted plaintiff's motion for summary judgment on this defense.

2. Where there is no genuine issue of material fact concerning the applicability of a limitations period, the question of whether the limitations period operates to bar an action is one of law for the Court and may properly be decided on motion for summary judgment. Lynch v. Universal Life Church, 775 F.2d 576, 579 (4th Cir.1985).

56. *Dan Barclay, Inc. v. Stewart & Stevenson Servs., Inc.*, 761 F.Supp. 194, 197–98 (D.Mass.1991). Because defendant is the party asserting the statute of limitations in this case, it bears the burden of establishing that the statute bars plaintiff's causes of action. *Brown v. Finger*, 240 S.C. 102, 124 S.E.2d 781, 786 (1962). The Court is mindful that this fact impacts upon the burdens of production and persuasion the parties bear in regard to their motions. *See Celotex*, 477 U.S. at 330–34, 106 S.Ct. at 2556–58 (Brennan, J., dissenting) (setting forth the different burdens of the moving and non-moving parties when each party bears the burden of persuasion at trial).

## II

The material facts as presented in the record are not in dispute. On November 23, 1985, plaintiff was injured while working for his employer on a machine manufactured by defendant, an Ohio corporation with its principal place of business in Dayton, Ohio.[3] Plaintiff filed the Summons and Complaint in this Court on November 19, 1991, four days prior to the sixth anniversary of his injury, invoking the Court's diversity jurisdiction and alleging three causes of action: strict liability, negligence, and breach of warranties. On the same day, plaintiff mailed a copy of the Summons and Complaint from Columbia, South Carolina, to the Sheriff of Montgomery County, Ohio ("the Sheriff"), for service on defendant. The normal delivery time for mail from Columbia to Montgomery County is 2–3 days.

The Sheriff has a post office box at the main post office in Dayton. All mail addressed to the Sheriff's office is delivered to the main post office and, like other mail, is sorted, tied, and placed in the post office box at least six days per week (Monday–Saturday). When personnel are available, mail is also sorted and placed in the post office box on Sundays. The sorting process begins late each night and continues through approximately 8:00–8:30 a.m. each morning. A courier from the Sheriff's Office retrieves the mail each weekday morning between 5:00 and 5:30 a.m. No mail is retrieved by the Sheriff's Office on Saturday or Sunday, or on weekday afternoons. Any mail to the Sheriff's Office which is sorted and placed in the post office box after the courier picks up the mail remains in the box until the following morning, except for mail that is sorted and placed in the box on Fridays and over the weekend. That mail remains in the post office box until Monday morning. Once the mail is retrieved by the courier, it is opened and logged into a book by the Civil Process Division of the Sheriff's Office.

The Summons and Complaint were logged in the Civil Process Division on Monday, November 25, and the sworn Return to the Summons and Complaint indicates that the Sheriff received those documents on that same day. On Wednesday, November 27, a deputy sheriff for Montgomery County served the Summons and Complaint on defendant.

## III

For each of plaintiff's causes of action, the applicable limitations period required him to commence this suit within six years from the date that the cause of action accrued:[4] *strict liability*—S.C.Code Ann. § 15–3–530(2) ("An action upon a liability created by statute other than a penalty or forfeiture");[5] *negligence*—S.C.Code Ann. § 15–3–530(5) ("An action for any injury to the person or rights of another, not arising on contract, not enumerated by law, and those provided in Section 15–3–545");[6] and *breach of warranty*—

---

3. Defendant does not have a registered agent in South Carolina and is not licensed to do business in this state.

4. The parties dispute the date on which plaintiff's causes of action accrued; however, for the purposes of this motion, the Court will accept defendant's contention that the date of accrual was November 23, 1985, the date of plaintiff's injury.

5. Strict liability is a statutory cause of action, *see* S.C.Code Ann. §§ 15–73–10 to –30; which did not exist at common law. *Hatfield v. Atlas Enters., Inc.*, 274 S.C. 247, 262 S.E.2d 900, 901 (1980).

6. S.C.Code Ann. § 15–3–530 has been amended to provide for a three-year limitations period; however, because plaintiff's claims accrued before April 5, 1988, the amendment is not applicable in this case.

S.C.Code Ann. § 36–2–725(1) ("An action for breach of any contract of sale must be commenced within six years after the cause of action has accrued").[7] Under Rule 3(a) of the South Carolina Rules of Civil Procedure, which is applicable in this diversity case, "[a] civil action is commenced by filing and service of a summons and complaint."[8] Rule 3(b) further provides:

> For the purpose of tolling any statute of limitations, an attempt to commence an action is equivalent to commencement thereof when the summons and complaint are filed with the clerk of court and delivered for service to the Sheriff of the county in which defendant usually or last resided, or if a corporation be defendant, to the sheriff of the county in which any person designated by statute to accept service usually or last resided; provided that actual service must be accomplished within a reasonable time thereafter.

*S.C. R.Civ.P.* 3(b).

■ Plaintiff contends that because he delivered the Summons and Complaint to the Sheriff by no later than November 25, 1991, and the Sheriff served the Summons and Complaint on defendant within a reasonable time (two days) thereafter, his attempted service was sufficient to commence this action under Rule 3(b). Recognizing that November 25, 1991, is two days after the sixth anniversary of the date of his injury, plaintiff argues that Rule 6(a) of the South Carolina Rules of Civil Procedure applies to extend the limitations period to November 25. Rule 6(a) states in pertinent part:

> In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period begins to run is not to be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a State or Federal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor such holiday.

*S.C. R.Civ.P.* 6(a).[9] Plaintiff thus contends that because the sixth anniversary of the date of his injury was a Saturday (November 23), under Rule 6(a) the limitations period ran until November 25, which was the first Monday following November 23 and, therefore, his delivery of the Summons and Complaint to the Sheriff by no later than that date was sufficient to constitute an attempted commencement of this action under Rule 3(b).[10]

**7.** An unresolved issue in South Carolina is whether the limitations period for an action for personal injuries based on a breach of implied warranty theory is governed by Section 36–2–725(1), Section 15–3–530(5), or by some other statute. *See generally* Annotation, *What Statute of Limitations Applies to Actions for Personal Injuries Based on Breach of Implied Warranty Under UCC Provisions Governing Sales (UCC § 2–725(1)*, 20 A.L.R. 4th 915 (1983). *Cf. Dandy v. American Laundry Mach., Inc.*, 301 S.C. 24, 389 S.E.2d 866, 867 n. 1 (1990) (court indicated that applicable statute of limitations for claims of negligence and breach of warranty was Section 15–3–530). While this issue is pertinent to causes of action which accrued after April 5, 1988, the date on which the six-year period in Section 15–3–530(5) was changed to three years, it is immaterial here because under any statute which could possibly be applicable to plaintiff's claims, the limitations period would be six years.

**8.** Under Rule 3 of the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." Plaintiff conceded at oral argument, that the commencement of this action is determined by reference to the state rule. *See Sunshine Sportswear & Elec. v. WSOC Television, Inc.*, 738 F.Supp. 1499, 1511 (D.S.C.1989) ("A federal court sitting in diversity must follow state law in determining when an action is 'commenced' for purposes of tolling a statute of limitations").

**9.** In computing periods of time for the purpose of determining when an action is commenced under state law, the Court must again look to state, rather than federal, law. *Alonzo v. ACF Property Mgt., Inc.*, 643 F.2d 578, 580–81 (9th Cir.1981).

**10.** Because the Supreme Court of South Carolina has not addressed the issue of whether the computation provision of Rule 6(a) applies to extend a statutory limitations period which expires on a Saturday, Sunday, or holiday, the Court must predict how that court would interpret Rule 6(a) if confronted with this issue. *Liberty Mut. Ins. Co. v. Triangle Indus., Inc.*, 957 F.2d 1153, 1156 (4th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 78, —— L.Ed.2d —— (1992). It is the normal policy of the Court to avoid unnecessarily predicting how the South Carolina Supreme Court would rule on an unsettled issue of state law

## A.

The Court concludes that plaintiff's position is correct. Initially, the Court notes that by its terms, Rule 6(a) specifically applies "in computing *any* period of time prescribed by [the rules of civil procedure], by order of court, or by *any applicable statute.*" *S.C. R.Civ.P.* 6(a) (emphasis added). Rule 6(a), like the other state rules of civil procedure, "govern[s] the procedure in all South Carolina courts in all suits of a civil nature...." *S.C. R.Civ.P.* 1. In South Carolina, statutes of limitations are considered to be procedural. *Jenkins v. Meares,* 302 S.C. 142, 394 S.E.2d 317, 319 (1990). Therefore, statutes of limitation clearly appear to fall into the "any applicable statute" language of Rule 6(a). Consequently, the plain language of Rule 6(a) indicates that it applies to statutes of limitation.

Moreover, even assuming that statutes of limitation are not "applicable statutes" within the meaning of Rule 6(a), the Court finds that Rule 6(a) still applies in computing limitations periods under the circumstances of this case. Rule 6(a) expressly applies to other rules of civil procedure, including Rule 3(b). Under Rule 3(b), plaintiff was permitted to deliver the Summons and Complaint to the Sheriff for service on defendant within a reasonable time thereafter. Although Rule 3(b) does not specifically prescribe any period of time in which attempted service must be effected so as to commence an action, it is obvious that such attempted service must be made within the applicable limitations periods; otherwise, the attempted service, if effected, would not timely commence the action. Therefore, under Rule 3(b), plaintiff

had six years from the date of his injury to attempt service by delivering the summons and complaint to the Sheriff. In order to compute the implicit six-year limitations period of Rule 3(b), one must turn to Rule 6(a), which is expressly applicable to Rule 3(b). In essence, by virtue of the broad language of Rule 6(a), the provisions of the rule are bootstrapped onto the limitations period through Rule 3(b).

## B.

There is additional authority which supports the conclusion that Rule 6(a) applies to statutes of limitations. Rule 6(a), which became effective on July 1, 1985,[11] replaced S.C.Code Ann. § 15–1–20, which was simultaneously repealed on that date. *S.C. R.Civ.P.* 6 reporter's note; *S.C. R.Civ.P.* 85(c). At the time of its repeal, Section 15–1–20 provided:

> The time within which an act is to be done shall ·be computed by excluding the first day and including the last. If the last day be Sunday it shall be excluded.

Prior to 1952, the predecessor statutes to Section 15–1–20, as originally enacted, read:

> The time within which an act is· to be done, *as herein provided,* shall be computed by excluding the first day and including the last. If the last day be Sunday it shall be excluded.

1870 S.C. Act No. 300, § 422 (emphasis added).

In *South Carolina Electric and Gas Co. v. Public Service Commission,* 272 S.C. 316, 251 S.E.2d 753 (1979), the South Carolina Supreme Court analyzed the history of Sec-

---

when there are other dispositive issues. *See Cianbro Corp. v. Jeffcoat & .Martin,* 804 F.Supp. 784, 790 n. 8 (D.S.C.1992). However, in this case, each of the dispositive issues requires the Court to either predict how the state supreme court would rule on an unsettled issue, determine the constitutionality of a state statute, or both; or to certify issues of law to the South Carolina Supreme Court. While the issue addressed in this Opinion is a novel one of considerable import, the ·Court believes that there is ample authority to render a decision without certification. Moreover, the Court is mindful of the principle that where a case may be resolved on either a constitutional ground or one involving general law, courts should only decide the

latter. *Ashwander v. Tennessee Valley Auth.,* 297 U.S. 288, 347, 56 S.Ct. .466, 483, 80 L.Ed. 688 (1936) (Brandeis, J., concurring).

·11. *See S.C. R.Civ.P.* 86(a). The South Carolina Rules of Civil Procedure were promulgated by the state supreme court and were accepted by the South Carolina General Assembly. H. Lightsey & J. Flanagan, *South Carolina Civil Procedure,* 1 (1985). Because the General Assembly had the authority to reject these rules but chose not to do so, they have the force and effect of a legislative enactment. *See Wilkes v. United States,* 192 F.2d 128, 129 (5th Cir.1951) (noting similar force and effect of Federal Rules of Civil Procedure).

tion 15–1–20 and determined the scope of that statute. The supreme court, which was presented with the issue of whether Section 15–1–20 applied to proceedings before the South Carolina Public Service Commission, recognized that during the 1952 statutory revision of the predecessor to Section 15–1–20, the phrase "as herein provided" was omitted from this statute and noted that with this omission, Section 15–1–20 "appear[ed] to be a general time computation statute applicable to any occasion when time must be computed." 251 S.E.2d at 756. However, the supreme court held that despite the omission of this language, "Section 15–1–20 should be read in its original form," 251 S.E.2d at 756; that is, it should be read as if the language "as herein provided" was still in the statute. The supreme court recognized that reading Section 15–1–20 in this manner limited the applicability of the statute to proceedings within Act No. 300 of 1870, the act in which Section 15–1–20 originated. 251 S.E.2d at 756. Having interpreted Section 15–1–20 in this manner, the supreme court held that the time computation set forth in Section 15–1–20 was inapplicable to proceedings before the South Carolina Public Service Commission, which were not within Act No. 300. 251 S.E.2d at 756.

As noted, at least two of the three applicable limitations periods in this case are codified in S.C.Code Ann. § 15–3–530. This fact is significant because Section 15–3–530, like Section 15–1–20, was originally enacted as part of Act No. 300 of 1870. *See* 1870 S.C. Act No. 300, § 114. Under the supreme court's decision in *South Carolina Electric and Gas Co.*, because Sections 15–1–20 and 15–3–530 both originated in Act No. 300 of 1870, they must be read together so that the computation provision of Section 15–1–20 applied to the limitations periods set forth in Section 15–3–530. In construing statutory language, the statute must be read as a whole, and sections which are part of the same general statutory law must be construed together. *Higgins v. State*, 415 S.E.2d 799, 801 (S.C.1992). In other words, the six-year limitations period set forth in Section 15–3–530 was subject to the computation provision of Section 15–1–20 and, accordingly, the six-year limitations period could not end on a Sunday.

From the foregoing it is clear that, at least prior to the enactment of the rules of civil procedure and the repeal of Section 15–1–20 in 1985, the six-year limitations period of Section 15–3–530 was subject to the method of computation set forth in Section 15–1–20. In replacing Section 15–1–20 with the broader provisions of Rule 6(a), the South Carolina General Assembly presumptively was familiar with the scope of Section 15–1–20. *Bell v. South Carolina State Highway Dept.*, 204 S.C. 462, 30 S.E.2d 65, 67 (1944). Instead of limiting Rule 6(a) in a manner so that it would not apply to limitations periods, the legislature made the rule more expansive, applying it to "any applicable statute" rather than only to those proceedings within Act No. 300 of 1870. Therefore, placing Rule 6(a) in its historical context bolsters the conclusion that it is applicable to statutes of limitations.

### C.

The Court finds further guidance from the interpretation that the federal courts have given Rule 6(a) of the Federal Rules of Civil Procedure, which is similar to Rule 6(a) of the state rules.[12] *See Kussmaul v. Peters Constr. Co.*, 563 F.Supp. 91 (D.R.I.1983) (applying a similar analysis under Rhode Island law). Federal courts which have addressed this question have generally held that Rule 6(a), or the principles of Rule 6(a), apply to federal statutes of limitation. *See, e.g., Wirtz v. Peninsula Shipbuilders Ass'n*, 382 F.2d

---

**12.** Rule 6(a) of the Federal Rules of Civil Procedure provides in pertinent part:

In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.

237 (4th Cir.1967); *United Van Lines, Inc. v. Anderson,* 802 F.Supp. 1399 (D.S.C.1991); *Kirby v. United States,* 479 F.Supp. 863 (D.S.C.1979); *see generally* 4A C. Wright & A. Miller, *Federal Practice And Procedure,* § 1163 (1987) (noting that this is the majority view). Because the South Carolina Supreme Court looks to the construction of the Federal Rules of Civil Procedure in interpreting and applying the state rules of procedure where there is no controlling state law, *Gardner v. Newsome Chevrolet-Buick, Inc.,* 304 S.C. 328, 404 S.E.2d 200, 201 (1991); the Court believes that the application of Federal Rule of Civil Procedure 6(a) to federal statute of limitation by federal courts is persuasive indicia of how the South Carolina Supreme Court would apply Rule 6(a) of the South Carolina Rules of Civil Procedure if presented with this issue.

### D.

Finally, the Court considers it significant that the Honorable Matthew J. Perry of this district has applied Rule 6(a) under circumstances almost identical to those present here. In *Sunshine Sportswear & Electronics, Inc.,* the plaintiffs, whose limitations period expired on November 16, 1987, which was a Sunday, delivered the summons and complaints to the proper sheriffs for service on the defendant under Rule 3(b) by no later than Monday, November 17, 1987. The plaintiffs argued, and Judge Perry agreed, that since the statute of limitations ran on a Sunday, they were entitled under Rule 6(a) to commence their action on the following Monday. 738 F.Supp. at 1511. Although not binding, Judge Perry's decision is additional authority which supports the conclusion reached herein. *See also Macri v. Flaherty,* 115 F.Supp. 739, 742 (D.S.C.1953) (applying predecessor statute of Section 15-1-20 to statute of limitations).

### IV

Applying the foregoing to the undisputed evidence in the record, the Court concludes that plaintiff's delivery of the Summons and Complaint to the Sheriff was timely as a matter of law. The Summons and Complaint were delivered to the Sheriff by no later than Monday, November 25, 1991, two days after the six-year anniversary of plaintiff's injury. However, because the limitations period expired on November 23, which was a Saturday, plaintiff had until November 25 to deliver the Summons and Complaint. Upon receipt of the Summons and Complaint, the Sheriff served these documents on defendant two days later, which is certainly within a "reasonable time" as required by Rule 3(b). Plaintiff therefore commenced this action within the six-year limitations period.

The Court notes that extending a limitations period, particularly one as long as six years, in this manner seems at first to defy the logic of limitations statutes, which is "that litigation must be brought within a reasonable time in order that evidence be reasonably available and there be some end to litigation." *Webb v. Greenwood County,* 229 S.C. 267, 92 S.E.2d 688, 691 (1956). By enacting particular periods of limitation, the legislature has made a judgment as to what constitutes a reasonable time within which to bring litigation and, although these periods of limitation are not particularly favored by the courts of this state, they must be applied where applicable. *Scovill v. Johnson,* 190 S.C. 457, 3 S.E.2d 543, 545 (1939). However, in enacting Rule 6(a), the legislature has also determined that for the purposes of rules and statutes requiring parties involved in civil litigation in this state to act within a specified time, the parties should be entitled to act at any time during the specified period, including the final day of the period and, if the final day is a Saturday, Sunday, or holiday, the parties should be given a limited extension of time to the next regular working day in which to act. This latter determination by the legislature is consistent with the "spirit" governing the courts of South Carolina as expressed by the state supreme court, *see Linfors v. Unity Life Ins. Co.,* 189 S.C. 527, 1 S.E.2d 781 (1939) (court held that because Sunday is not a day for conducting business, insurance premium due on last day of month is payable on Monday if the last day is Sunday); and with the general manner in which that court has construed limitations statutes. *See State v. Life Ins. Co. of Ga.,* 254 S.C. 286, 175 S.E.2d 203, 209 (1970) ("where there is any doubt as to which of two

statutes of limitation applies, the doubt must be resolved in favor of the longer period").[13]

### V

For the reasons set forth above, the Court hereby ORDERS on this the 5th day of March, 1993, at Columbia, South Carolina, that plaintiff's motion for summary judgment as to defendant's tenth affirmative defense be GRANTED and that defendant's motion for summary judgment be DENIED.

---

**13.** The Court notes that the ruling herein applies to statutes of limitations and not to time periods contained within statutes of creation, which are statutes that create a new liability and affix the time within an action thereunder must be commenced. *See Knight v. University of S.C.,* 295 S.C. 31, 367 S.E.2d 20, 22 (1988). Commencement of an action within the time set forth in a statute of creation is an "indispensable condition of the action." *Id.*