**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust as Owner Trustee of the Residential Credit Opportunities Trust V, Respondent,

v.

Leroy Hooks, II; Ford Motor Credit Company, LLC, Defendants,

Of whom Leroy Hooks, II is the Appellant,

And

Patricia A. Wheeler and Maria D. Williams, Respondents.

Appellate Case No. 2018-002199

Appeal From Clarendon County
William Bennett McCollough, Special Referee

Unpublished Opinion No. 2021-UP-206
Submitted May 1, 2021 – Filed June 9, 2021

**AFFIRMED**

William Ceth Land, of Land Parker Welch LLC, of Manning, for Appellant.

Patrick R. Watts, of Watts Law Firm PA, and Andrew T. Shepherd, of Shepherd Law Firm, LLC, both of Summerville, for Respondents Patricia A. Wheeler and Maria D. Williams.

Chad Wilson Burgess, of Brock & Scott, PLLC, of Columbia, for Respondent Wilmington Savings Fund Society, FSB.

**PER CURIAM:** Leroy Hooks Jr. appeals the special referee's order denying his motion for relief from the order granting the foreclosure and sale of his real property. On appeal, Hooks argues the special referee erred by failing to appoint a guardian ad litem (GAL) based on his incompetency before it ordered the foreclosure and sale of his property. He thus argues the foreclosure and sale order is void pursuant to Rule 60(b)(4), SCRCP, because the special referee lacked personal jurisdiction over him. We affirm.

The special referee did not abuse its discretion by denying Hooks's motion for relief pursuant to Rule 60(b)(4) because Hooks failed to establish he was incompetent and required the appointment of a GAL when the mortgagee, Wilmington Savings Fund Society, FSB, filed its complaint seeking foreclosure in February 2018. *See BB & T v. Taylor*, 369 S.C. 548, 551, 633 S.E.2d 501, 502 (2006) ("Whether to grant or deny a motion under Rule 60(b) lies within the sound discretion of the [circuit court]."). Although Hooks provided evidence of his 100% disability rating from the Department of Veterans Affairs (VA), disability does not always equate to incompetence. *See Zaragoza v. Zaragoza*, 309 S.C. 149, 152-53, 420 S.E.2d 516, 518 (Ct. App. 1992) (affirming the family court's determination it would not equate the husband's disability with incompetence). Further, although Hooks's VA medical records showed he struggled with paranoia and psychosis at times, the records did not give any specific indication of Hooks's competency. Based on the foregoing, we find Hooks failed to prove he was incompetent when the foreclosure action was served and filed in February 2018. *See Grapner*, 307 S.C. at 551, 416 S.E.2d at 618 ("The party alleging incompetence must prove by a preponderance of the evidence that he was incompetent at the time of the transaction."). Accordingly, the special referee did not abuse its discretion by denying Hooks's motion for relief from the order of foreclosure and sale.

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.