13120

LANCASTER *ET AL.* v. TOWN COUNCIL OF BROOKLAND

(158 S. E., 233)

March, 1929.

*Mr. T. C. Callison,* for appellants,

*Mr. D. McK. Winter,* for respondents,

April 14, 1931.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

November 11, 1928, the town council of the Town of Brookland ordered that an election be held on the 11th day of December, 1928, to determine whether certain territory described and specified in the petition for said election should be annexed to the Town of Brookland. The proceedings purport to be in conformity to the provisions of Section 4385, Vol. 3, Code of Laws 1922; which section prescribes: "How the Corporate Limits of Cities and Towns May Be Extended." The election was held pursuant to the order of council, and the result was declared to be in favor of annexation. The petitioners, respondents herein, brought the matter, by certiorari, before his Honor, W. H. Townsend, Judge of the Fifth Circuit, there being then no resident nor assigned Judge in the Eleventh Circuit where the controversy arose, alleging irregularities in the proceedings leading to the election, and in the conduct of the election. Among other things, it was charged that the petition for the election was not signed by a majority of the freeholders within the territory to be annexed. The return declared that a majority of such freeholders had signed the petition. Judge Townsend ordered a reference to determine this disputed question of fact. Before the election was held, the General Assembly passed a special Act, approved February 1, 1929 (36 St. at

Large, p. 905), ratifying and confirming said election, "notwithstanding the number of freeholders signing the petition asking for an election on the question of the annexation of the said territory to the Town of Brookland, and notwithstanding any irregularities which may have occurred in the petition, the order of the Town Council directing the election to be held, the publication of the notice of said election, the holding of said election, and the declaration of the result of the said election." Upon the ratification of this Act and during the March, 1929, term of Court for Lexington County, counsel for the Town of Brookland moved his Honor, Judge W. H. Townsend, then presiding in said Court, for an order revoking the order of reference theretofore made by him, and declaring the election valid as declared by the Act of the General Assembly. Instead, however, his Honor passed an order overruling all exceptions made by the petitioners as to the regularity of the election, except the eleventh, which alleged that the petition for the election was not signed by a majority of the freeholders within the territory sought to be annexed. He further held in this order that the special Act which undertook to validate the election notwithstanding irregularities was unconstitutional, and ordered the reference to determine the number of freeholders who had signed the petition, to be held. Respondents-appellants gave notice of intention to appeal from so much of the order as declared the said Act unconstitutional, and the petitioners-respondents gave notice of their intention to appeal from so much of the order as overruled their various grounds of attack upon the validity of the election.

By agreement of counsel, it was determined to hold the reference ordered to ascertain the number of freeholders signing the petition, without prejudice to the rights of the parties in respect to the appeal from Judge Townsend's order. Counsel, also by agreement, made check of the number of freeholders on the petition and those residing within the territory proposed to be annexed, and submitted it to his

Honor, Judge E. C. Dennis, at the Fall term of Court for Lexington County; whereupon, by proper order, Judge Dennis found that a majority of freeholders within the said territory had not signed the petition for the election. He declared the election null and void, and ordered that the respondents, the town council of Brookland, be permanently enjoined and restrained from exercising or attempting to exercise any authority, or municipal control over said territory. From this order the town council appeals.

By agreement of counsel, the appeals were heard together.

The vital question in the whole matter is the constitutionality of the special Act of the General Assembly, approved February 1, 1929. If that be found to be unconstitutional, all other matters involved become merely academic, save the question whether the petition for the election contained a majority of the freeholders in the territory attempted to be annexed. That question has been settled by the agreement of counsel that the petition did not contain the requisite number of freeholders, and it was so found by the order of Judge Dennis.

The constitutionality of the Act is attacked upon the ground that it is special legislation and is in conflict with the provisions of Subdivisions 2, 9, and 10 of Section 34, Article 3, of the Constitution, 1895. Section 34 provides that:

"The General Assembly of this State shall not enact local or special laws concerning any of the following subjects or for any of the following purposes: * * *

"2. To incorporate cities, towns or villages, or change, amend or extend the charter thereof. * * *

"9. In all other cases, where a general law can be made applicable, no special law shall be enacted.

"10. The General Assembly shall forthwith enact general laws concerning said subjects for said purposes, which shall be uniform in their operations."

Accordingly the General Assembly enacted the legislation

covering the subjects enumerated in Subdivision 2, above set out, which legislation is now embodied in Section 4385, Vol. 3, Code 1922. By the terms of that section, "any town or city council shall have power to extend the corporate limits of said city or town in the following manner: A petition shall first be submitted to said council by a majority of the freeholders of the territory which it is proposed to annex, praying that an election be ordered to see if such territory shall be included in said town," etc. This is a general law, applicable to all cities and towns in the State. Could the General Assembly by special Act have authorized the Town of Brookland to hold this election without complying with the precedent requirement of the presentation of a petition signed by a majority of the freeholders of the territory proposed to be annexed? It must be conceded that such an Act would have been directly in violation of the provisions of Subdivisions 2, 9, and 10 of Section 34 of Article 3 of the Constitution, which forbids the enactment of a special Act when a general law can be made, or is already made covering the same subject. This general law, which, it is declared, shall be uniform and is intended to apply to every city and town in the State, in effect says to Lexington and Batesburg and Saluda and others, "You can only extend the corporate limits of your town by complying with the provisions of Section 4385 of the Code; you must have a petition signed by the majority of the freeholders of the territory you propose to annex before you may order an election." But it is argued that the Legislature may say to Brookland, "you are relieved from the necessity of complying with the requirements of the statute; you need not have a petition signed by the majority of the freeholders." The position is untenable. Such an Act, if passed before the election, would be the rankest sort of special legislation. The fact that it was passed after the election was held, and that it seeks to cure admitted irregularities growing out of violations of the statute, can make no difference.

"The General Assembly can validate any Act which it might originally have passed." 26 En. Law, 598. Even so; but it is plain that it might not originally have passed an Act of the nature of that now under review, without infringing the provisions of the Constitution against the enactment of special laws.

"The pivotal point in a healing or validating statute is that it must be confined to Acts which the Legislature could previously have authorized." *Dove v. Kirkland,* 92 S. C., 313, 75 S. E., 503, 506.

In the case of *Floyd v. Calvert,* 114 S. C., 116, 103 S. E., 82, 83, the Court said: "The Act ignores all classification, and, whether the holding of an election without a petition of the voters be considered as a power or restriction, it is equally forbidden by Section 1 of Article 8 of the Constitution."

In *Tisdale v. Scarborough,* 99 S. C., 377, 83 S. E., 594, 595, Mr. Justice Gage speaking for the Court said: "In full view of this truth, it is so plain that he who runs may read that a general law with reference to the sale of cotton seed can be enacted; a special law thereabout in force in three counties is in manifest violation of the fundamental law."

Counsel for the city council contends that this validating Act is not repugnant to Subdivision 2 of Section 34, Article 3, of the Constitution, because this proceeding for annexation of territory is not a proceeding to change, amend, or extend the charter of the Town of Brookland. The argument is hypercritical. The charter provides what the limits of the incorporated Town of Brookland shall be. It is proposed to extend those limits. It is plain that such extension of limits of incorporation changes and extends the charter.

But the Act of validation, being special legislation, is in conflict with the provisions of Subdivision 9 of Section 34, Article 3 of the Constitution, which is in these words: "In all other cases, where a general law can be made applicable, no special law shall be enacted."

A general law has been made applicable to the matter of the extension of the corporate limits of cities and towns. Section 4385, Vol. 3, Code of Laws 1922. An essential prerequisite to the employment of the provisions of that Act is that there shall be a petition by a majority of the freeholders of the territory proposed to be annexed. The special Act approved February 1, 1929, undertakes to relieve the Town of Brookland from the obligation of that provision of Section 4385 which requires such petition. The people in the territory proposed to be annexed are not allowed to say whether or not they desire to be annexed. The Act of February 1, 1929, ignores them and their rights in the premises, which rights are sought to be safeguarded by the requirement that a majority of the freeholders among them shall sign a petition for an election before one can be lawfully held to determine the question of annexation.

It seems too plain for argument that this is special legislation of the nature prohibited by the provisions of the Constitution hereinabove considered.

All exceptions to the orders of Judge Townsend and Judge Dennis are overruled, and the said orders are affirmed

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.