16531

HITE *ET AL.* v. TOWN OF WEST COLUMBIA *ET AL.*

(66 S. E. (2d) 427)

60

*Messrs. Winter & Winter,* of Columbia, *for Appellants,*

*Messrs. Jack D. Hall,* of Batesburg, *Blease Elison,* of West Columbia, and *Robinson, Robinson & Dreher,* of Columbia, *for Respondents,*

August 13, 1951.

FISHBURNE, Justice.

The plaintiffs are appealing from the judgment of the circuit court sustaining a demurrer to their complaint in a suit questioning the validity of the annexation to the Town of West Columbia of an area adjacent thereto.

The complaint as amended alleges, in substance, (a) that the Town Council of West Columbia, acting on a petition for annexation signed by less than a majority of the freeholders in the area described, ordered an annexation election; (b) that this election was held on April 27, 1950, and the result in favor of annexation was declared and published the same day; (c) that all of the proceedings relating to the election and the annexation were accomplished by accident, mistake and fraud, and are therefore void because of the inadequacy of the annexation petition; (d) that no notice of intention to contest the annexation was given within sixty days of the publication of the result of the election, nor at any time prior to the institution of this suit; (e) that this suit was commenced on October 7, 1950, more than five months after the publication of the election results on April 27, 1950.

The defendants demurred on the ground that no cause of action is stated in the complaint, in that it not only failed to allege compliance with the provisions of the Acts of 1946, Page 1376, 1946 Supp. to the Code, Sec. 7232-1, Page 266,

but specifically alleged non-compliance. The defendants take the position that compliance with this Act is a prerequisite to the institution of the suit, and the circuit court so held.

The plaintiffs, who have appealed, make no contest of the election, the result of which was published, or of the form of any procedure taken by the town council, or the election commissioners. They contend that the election was held without a petition containing the signatures of a majority of the freeholders in the area to be annexed, and that without such petition no jurisdiction was acquired, and therefore no authority to act, and all action taken in the matter was void.

It is not disputed that Section 7230 of the 1942 Code, amended by Act No. 806 of the Acts of 1948, 45 St. at Large, Page 1974 provides as a condition precedent to an annexation election, that there shall be submitted to the city or town council, a petition by a majority of the freeholders of the territory proposed to be annexed, praying that an election be held.

Appellants, in their brief, appear to assume as a fact that the petition filed with the town council did not contain the signatures of a majority of the freeholders of the area proposed to be annexed. They cite the cases of *Lancaster v. Town Council of Brookland,* 160 S. C. 150, 158 S. E. 233, and *Harrell v. City of Columbia,* 216 S. C. 346, 58 S. E. (2d) 91, as sustaining their position. But the foregoing cases were tried upon the merits. The question of whether or not the petition was actually signed by a majority of the freeholders, was heard and decided only after references had been held and testimony taken. Nor was any issue made concerning the failure to comply with statutory limitations.

The facts in the present case present a different situation. This cause is now before us upon a demurrer to the complaint; and the facts alleged in the complaint in so far as the inadequacy of the number of signers to the petition is concerned, are admitted by the demurrer for the sole purpose of determining whether the com-

plaint states a cause of action. Such admissions are not evidence, and do not dispense with proof in trial on the merits. *Kirk v. Douglas,* 190 S. C. 495, 3 S. E. (2d) 536; *Flowers v. Price,* 190 S. C. 392, 3 S. E. (2d) 38.

The primary question presented by the appeal is whether freeholders in an area annexed by a municipality may contest the validity of the annexation upon the ground that less than a majority of the freeholders signed the election petition, without complying with the provisions of Code Section 7232-1, Acts 1946, Page 1376. This statute reads as follows: "Time contest or bring action on extension of municipal limits.—In all instances when the limits of a city or town shall be ordered extended, no contest thereabout shall be allowed unless the person, or persons, interested therein shall within sixty (60) days after the result has been published or declared, file with both the clerk of the city or town, and with the clerk of the court of the county in which said city or town is situate, a notice of his, or their, intention to contest said extension; and, unless, within ninety (90) days from the time the result has been published, or declared, an action shall be begun and the original summons and complaint filed with the clerk of court of the county in which said city or town is situate."

It is admitted by appellants that no protest was ever filed by them with the clerk of the town council or with the county clerk of court, nor was the suit commenced within ninety days from the time the result of the election was declared. In fact, this suit was not instituted until more than five months had elapsed following the publication of the result of the election.

Appellants seek to avoid their failure to comply with the 1946 statute by the argument that it applies only to questions relating to the validity of the election proper, and not to questions dealing with the alleged shortcomings of the annexation petition and other precedent procedural steps. We think this contention is altogether too technical.

The 1946 statute is not confined or restricted to the actual election,—that is, the casting and counting of ballots; but refers to and includes the entire annexation procedure. The most casual reading of the Act gives rise to no other conclusion. The statute makes the limitations apply to the whole annexation process. It provides specifically that "In all instances when the limits of a city or town shall be ordered extended, *no contest thereabout* shall be allowed *unless * * \** " (Emphasis added.) Then follow the limitation periods provided as to when protest shall be filed and an action begun.

Appellants question the constitutionality of the 1946 Act on the ground that it is unreasonable and arbitrary. This position cannot be sustained. The authorities generally lay down the rule that a limitation is unreasonable which does not afford full opportunity to sue before the bar takes effect. In determining whether a reasonable time is allowed, the court must consider the circumstances under which the statute is to apply, and of course as to this, no one rule can be laid down which will govern all cases.

As is well said in 34 Am. Jur., Sec. 22, Page 30: "The legislature is the primary judge as to whether the time allowed by a statute of limitations is reasonable. Although the determination of the legislature is reviewable by the courts, the courts will not inquire into the wisdom of the legislative decision in establishing the period of legal bar, unless the time allowed is manifestly so insufficient that the statute becomes a denial of justice."

Although there are some cases which contain statements to the contrary, the modern tendency is to look with favor upon the defense of the statute of limitations. *Amaker v. New*, 33 S. C. 28, 11 S. E. 366, 8 L. R. A. 687; *Faysoux v. Prather*, 10 S. C. Law 296, 1 Nott & McC. 296, 9 Am. Dec. 691; 34 Am. Jur., Sec. 14, Page 24.

We have in many cases sustained statutes providing limitations for the bringing of·actions as not being a denial of due process. *U. S. Rubber Co. v. McManus*, 211 S. C. 342,

45 S. E. (2d) 335; *Gillespie v. Pickens County,* 197 S. C. 217, 14 S. E. (2d) 900; *Ancrum v. State Highway Department,* 162 S. C. 504, 161 S. E. 98, and note the authorities cited in *Braudie v. Richland County,* 217 S. C. 57, 59 S. E. (2d) 548.

In our opinion, the time limitations fixed by the 1946 Act are neither unreasonable nor arbitrary. It was doubtless in the mind of the general assembly that annexation issues should be decided without undue delay, so that the town officials would be advised whether the affected area would become a part of the municipality. Many questions connected with municipal government, including that of taxation, would need to be known with reasonable promptness.

Appellants suggest that this being an equitable proceeding, the statute of limitations does not apply, and appellants would be barred only by laches. If we assume that this proceeding comes within that class not affected by statutory limitations, the record clearly shows that appellants may be justly charged with laches.

In the case at bar, the inference may easily be drawn that the Town of West Columbia would be prejudiced by the unreasonable length of time which elapsed from the declaration of the election result to the bringing of this suit. *DeLaine v. DeLaine,* 211 S. C. 223, 44 S. E. (2d) 442; *Bell v. Mackey,* 191 S. C. 105, 3 S. E. (2d) 816.

Judgment affirmed

BAKER, C. J., and STUKES and OXNER, JJ., concur.

TAYLOR, J., not participating.