## 17232

J. PHILIP MORGAN, Appellant, v. H. S. FEAGIN, A. K. DeHAY, D. HERMAN ERGLE, C. L. WYNDHAM, WILDER S. FUNK, J. W. BRADWELL, and V. J. HILL, constituting the County Board of Education of Berkeley County, and T. C. CALLISON, Attorney General of the State of South Carolina, Respondents.

(95 S. E. (2d) 621)

*George B. Bishop, Esq.,* of Moncks Corner, *for Appellant,*

*Messrs. Dennis & Dennis,* of Moncks Corner, and *Sink-ler, Gibbes & Simons* of Charleston, *for Respondents,*

December 10, 1956.

STUKES, Chief Justice.

This action is an attack upon the validity of Berkeley County school bonds to be issued under the authority of Act No. 956 of the Acts of the General Assembly of 1956, 49 Stat. 2318. The required contents and publication of the notice of the special election thereupon are specified in Sec. 5 of the Act. The publication in the Berkeley County newspaper was exactly as required by the statute; but the publication in the Charleston newspaper, having circulation in Berkeley County, was not precisely timed and the first appearance of it in that newspaper was in the form of a news

item rather than an official notice. The lower court held, however, that the publication was in substantial compliance with the terms of the statute and overruled the point. (The election resulted: 1416 in favor of the issuance of the bonds and 356 opposed, which was a relatively large vote for a special bond election. *Bolt v. Cobb,* 225 S. C. 408, 82 S. E. (2d) 789.) This portion of the judgment under appeal need not be considered because defendants successfully pleaded in bar of the action the limitation contained in Sec. 6 of the act which provides that after declaration of the result of the election by resolution of the school trustees, filed in the office of the Clerk of Court, quoting, "neither the results of such election, as declared by the aforesaid resolution, nor the manner of holding the election shall be open to question except by a suit or proceedings instituted within thirty days from the date of the filing of such certified copy of such resolution."

Similar short statutes of limitation, applicable to actions which question the proceedings upon the issuance of municipal and other bonds have been of force in this State for many years, apparently without challenge heretofore. Code of 1952, Sec. 1-645, twenty days; Sec. 21-976, thirty days; and Sec. 47-842, thirty days. The practical necessity of them is obvious. Purchasers of bonds could hardly be found if the bonds were subject in their hands to attack for alleged illegality in the proceedings upon the issuance of them. Furthermore, it is within common knowledge that sales of bonds are frequently timed to take advantage of a favorable market, which might well be hindered by long delay.

Less urgent circumstances were present in *Hite v. Town of West Columbia,* 220 S. C. 59, 66 S. E. (2d) 427, 430. It was a contest of the validity of the proceedings and election upon the annexation of territory to a municipality. The applicable statute provided that notice of objection must be filed within sixty days and action thereupon commenced within ninety days from the time of the declaration or pub-

lication of the result of the election. In upholding the validity of the statute as not unreasonable or arbitrary, after the citation of authorities, we said: "In our opinion, the time limitations fixed by the 1946 Act are neither unreasonable nor arbitrary. It was doubtless in the mind of the General Assembly that annexation issues should be decided without undue delay, so that the town officials would be advised whether the affected area would become a part of the municipality. Many questions connected with municipal government, including that of taxation, would need to be known with reasonable promptness."

A thirty-day statute of limitation, similar in other respects to that at hand, was applicable to election contests in the county hospital bond issue case of *Rider v. Lenoir County*, 236 N. C. 620, 73 S. E. (2d) 913. The following is from 64 C. J. S., Municipal Corporations, § 1929, p. 554: "An action to contest the legality of the election or the bond issue authorized thereby must be brought within the time limited by constitutional or statutory provisions, and should be tried as expeditiously as possible, without any unreasonable or unnecessary delays. Under some provisions a bond issue cannot be contested after the lapse of a specified period from the date of the promulgation or publication of the result of the election authorizing the issue, in the absence of fraud or collusion." And *Ibid,* § 2160, p. 989: "A taxpayers' suit attacking municipal action must be instituted within the time prescribed by constitutional or statutory provisions, as in the case of a suit contesting the validity of a bond issue * * *."

The act under review was approved on March 23, 1956. The election was held on May 1, pursuant to Sec. 2 of the act. The resolution declaring the result was filed in the office of the Clerk of Court on June 21, and this action was brought on August 10, 1956. It is seen from these dates that appellant really had more than eighty days from the date of the election within which to timely commence his action. The court concluded that the action was barred be-

cause it was not instituted within thirty days after June 21, which was the date of the filing of the resolution. Appellant made no showing of surprise or of any reason why he could not have brought his action in time; and fraud or collusion was not alleged.

The following from the opinion in *Hite v. Town of West Columbia, supra,* 220 S. C. at page 65, 66 S. E. (2d) at page 429, is applicable here: "Appellants question the constitutionality of the 1946 Act on the ground that it is unreasonable and arbitrary. This position cannot be sustained. The authorities generally lay down the rule that a limitation is unreasonable which does not afford full opportunity to sue before the bar takes effect. In determining whether a reasonable time is allowed, the court must consider the circumstances under which the statute is to apply, and of course as to this, no one rule can be laid down which will govern all cases. As is well said in 34 Am. Jur., Sec. 22, page 30: 'The legislature is the primary judge as to whether the time allowed by a statute of limitations is reasonable. Although the determination of the legislature is reviewable by the courts, the courts will not inquire into the wisdom of the legislative decision in establishing the period of legal bar, unless the time allowed in manifestly so insufficient that the statute becomes a denial of justice.' "

The plea of the statute of limitations was properly sustained and the Judgment is affirmed upon that ground, without consideration of the other.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.