## 21363

Kathleen CRAPS, Respondent, v. MERCURY CONSTRUCTION COR-PORATION, Broyles & Broyles, Inc., and Crawford Sprinkler Company of South Carolina, Inc., Defendants,

Of whom Broyles & Broyles, Inc., is Appellant (Two Cases).

(273 S. E. (2d) 770)

*D. Cravens Ravenel, of Belser, Ravenel & Smith,* Columbia, for appellant.

*Harry T. Heizer, Jr.,* of *Law Offices of John K. Koon, P. A.,* Columbia, *for respondent.*

January 7, 1981.

NESS, Justice:

Appellant Broyles appeals from an order denying its motions to be stricken as a defendant and to file a late answer. We affirm.

Respondent Kathleen Craps amended her complaint 23 months after commencement of this action by adding appellant as a defendant.

Appellant first asserts the trial court abused its discretion in denying its motion to be stricken as a defendant because respondent amended her complaint, adding appellant as party defendant, without order of the court and outside the time period allowed under § 15-13-910, Code of Laws of S. C. (1976). We disagree.

The trial court held, and we agree, appellant lacked standing to allege any non-compliance with § 15-13-910, *supra,* as it was not a party to the original action and suffered no

prejudice from respondent's amendment. See *Village of Arlington Heights, et al. v. Metropolitan Housing Development Corporation, et al.,* 429 U. S. 252, 97 S. Ct. 555, 561, 50 L. Ed. (2d) 450) (1977).

Appellant next asserts the trial court abused its discretion in denying its motion to file a late answer. We disagree.

Appellant's motion was made pursuant to § 15-13-90, Code of Laws of South Carolina (1976).

"The court may, in its discretion and upon such terms as may be just, allow an answer or reply to be made or other act to be done after the time limited by this Code or by an order enlarge such time."

A showing of excusable neglect is a condition precedent to relief under this section. *Thermal Insulation Company, Inc. v. Town and Campus, Inc.,* 271 S. C. 478, 248 S. E. (2d) 310 (1978).

On April 26, 1979, respondent's summons and complaint was served on appellant's designated agent for service, CT Corporation. The papers were received by Cento Industries on May 2, 1979.[1] Two days later, Cento's in-house counsel was terminated and Mr. Welke, Cento's personnel director, took over the duties of the legal department. On May 16, 1979, Welke reviewed the summons and complaint in this action, noting the twenty day period in which to answer, but under the erroneous belief service was made on May 2, 1979. Welke upon being advised the time to answer had lapsed on May 16, 1979, requested an extension of time to answer, which was denied.

A motion for relief under § 15-13-90, *supra,* is addressed to the sound discretion of the trial judge and his ruling will not be disturbed absent a clear showing of an abuse of discretion. Furthermore, where the order is based upon factual, as distinguished from legal, conclusion, it will not be dis-

[1] James E. Broyles is president of Cento Industries the parent corporation of Broyles & Broyles, Inc.

turbed unless without evidentiary support. Thermal Insulation Co., Inc., *supra.*

Appellant contends excusable neglect or mistake has been established through affidavits supporting its motion. We disagree.

Appellant's termination of its in-house counsel, its reliance upon a lay person for legal assistance, and Welke's error in determining when service had been made, while establishing neglect, does not establish excusable neglect.

In *Morgan v. State Farm Mutual Ins. Co.,* 229 S. C. 44, 91 S. E. (2d) 723 (1956) we held the trial court did not abuse its discretion in refusing defendant an extension of time to answer, on ground of excusable neglect, because a company official was under the erroneous impression that twenty days for filing answer ran from date of receipt of summons and complaint in company's office, rather than from date of acceptance of service by the insurance commissioner.

Furthermore, the trial court held any mistake on appellant's behalf was a mistake of law and not a ground for relief under § 15-13-90, *supra.* We agree. See *Anderson v. Toledo Scale Co.,* 192 S. C. 300, 6 S. E. (2d) 465 (1939).

Appellant finally asserts the trial court erred by not making separate findings of fact regarding excusable neglect, inadvertence, mistake and surprise. This is without merit.

The trial court is only required to make specific findings of fact relating to the grounds asserted in support of the motion being heard. The findings were sufficient.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.