21472

Y. C. BALLENGER ELECTRICAL CONTRACTORS, INC., Respondent, v. REACH-ALL SALES, INC., Correct Manufacturing Corporation, and Southeastern Skyworkers, Inc., Defendants, of whom Reach-All Sales, Inc., and Correct Manufacturing Corporation are, Appellants.

(279 S. E. (2d) 127)

· *William H. Ehlies,* Greenville, *for appellants.*

*Porter & Rosenfield,* Greenville, *for respondent.*

June 1, 1981.

Ness, Justice:

Appellants, Reach-All Sales, Inc. and Correct Manufacturing Corporation are foreign corporations not authorized to do business in South Carolina. They appeal from an order of default. We affirm.

Respondent, Y. C. Ballenger Electrical Contractors, Inc., initiated this action on February 8, 1979 pursuant to S. C. Code § 33-23-140 by service of summons and complaint on the Secretary of State. On March 1, 1979, appellants filed a notice of special appearance. This was 21 days from the service of the pleadings on the Secretary of State and 17 days after receipt of them by appellants. The trial judge held appellants in default.

Appellants abandoned exception number one in their brief.

Appellants first assert the trial court erred in holding them in default because the Secretary of State has the implied duty under Code § 33-23-140 to inform a defendant that the 20 day period in which to file responsive pleadings runs from the date the Secretary was served. We disagree.

This code section is silent concerning any duty to inform, hence, the duty to ascertain when the 20 day period commenced rested with the appellants. In cases dealing with vacating default judgments, we held excusable neglect was not established when a company official was under the erroneous impression that the 20 days for filing responsive pleadings ran from the date the company received the pleadings rather than from the date of acceptances of service by a designated agent. See *Craps v. Mercury Construction Corp., et al., S. C.,* 273 S. E. (2d) 770 (1981); *Morgan v. State Farm Mutual Ins. Co.,* 229 S. C. 44, 91 S. E. (2d) 723 (1956).

Appellants next assert the court erred in holding the 20 day period ran from service upon the Secretary of State rather than from when appellants received the pleadings. We disagree.

In construing similar statutes, we held service was effected when the designated agent was served. In *Craps, supra,* the 20 day period ran from the date the designated

agent was served, not when the defendant actually received the pleadings. In *Morgan, supra,* the 20 day period ran from the date the insurance commissioner was served and not from the receipt of pleadings by the defendant company. This exception is without merit.

Appellants finally assert that § 33-23-140 is unconstitutional because it does not extend the period in which to respond to a summons and complaint to 30 days, whereas § 33-5-60 so provides. We disagree.

When the constitutionality of a statute is in issue, every presumption will be made in favor of its validity and no statute will be declared unconstitutional unless its invalidity appears so clearly as to leave no doubts that it conflicts with the Constitution. *Gold v. S. C. Board of Chiropractic Examiners,* 271 S. C. 74, 245 S. E. (2d) 117 (1978). Moreover, the burden of establishing the unconstitutionality rests on the party charging a violation. *State v. Byrd,* 267 S. C. 87, 226 S. E. (2d) 244 (1976).

Code § 33-23-140 which applies to service of process upon a foreign corporation *not authorized to do business in South Carolina,* contains no special provisions for the return of process as do § 33-5-60 and § 33-23-130. The legislature has classified corporations into two categories for the purpose of substituted service of process: (1) domestic corporations and foreign corporations which have been authorized to do business in this State, but which have failed to appoint an agent to receive service of process; and (2) foreign corporations doing business in this State without authorization. In the former, a defendant has 30 days in which to respond to a summons and complaint. The latter has 20 days. The legislature is entitled to classify corporations, and the appellants have failed to meet their burden of proving there is no rational basis for the distinction. See: *Ramey v. Ramey,* 273 S. C. 680, 258 S. E. (2d) 883 (1979). We hold a valid distinction exists between

corporations which are authorized to do business in South Carolina and those which are not and § 33-23-140 is constitutional.

We hold a foreign corporation doing business in South Carolina without authorization may be served by the additional method provided by this section.

We conclude appellants were properly served pursuant to S. C. Code § 33-23-140. They failed to file responsive pleadings within the 20 day period as required by law, and the trial court correctly held them in default. We intimate no opinion whether the appellants are entitled to vacate the default judgment for excusable neglect under S. C. Code § 15-27-130.

The order of default is affirmed and the case remanded for a hearing on damages.

Affirmed and remanded.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.