24229

Diana HOLMAN, Plaintiff v. WARWICK FURNACE COMPANY, Sunbeam Equipment Company, MAERZ Ofenbau AG, and Seco/Warwick Corporation, Defendants. Clifford GLADDEN, Plaintiff v. WARWICK FURNACE COMPANY, Sunbeam Equipment Company, MAERZ Ofenbau AG, and Seco/Warwick Corporation, Defendants.

(456 S.E. (2d) 894)

Supreme Court

*John E. Parker* of *Peters, Murdaugh, Parker, Eltzroth and Detrick,* Hampton, *for plaintiff.*

*Harvey Brockinton* of *Brockinton, Brockinton and Kerr,* Charleston, and *Pope D. Johnson* of *McCutcheon, Blanton, Rhodes and Johnson,* Columbia, *for defendants Warwick Furnace Co., Sunbeam Equipment Co.,* and *Seco/Warwick Corp.*

*James C. Parham, Jr.* and *William D. Herlong* of *Wyche, Burgess, Freeman and Parham,* Greenville, *for defendant MAERZ Ofenbau AG.*

Heard Jan. 18, 1995.

Decided Apr. 3, 1995.

WALLER, Justice:

The following questions have been certified to this Court from the United States District Court for the District of South Carolina:

> 1. When service of process is made on a Swiss defendant pursuant to S.C. Code Ann. § 15-9-245, is the date of service (1) the date on which the Summons and Complaint are received by the Secretary of State for service on the

defendant or (2) the date on which the Summons and Complaint are received by the defendant from the Secretary of State?

(2) Under South Carolina law, may a lawsuit proceed against a Swiss corporation when the service of process commending the lawsuit conforms to South Carolina law but is in violation of Swiss law, or must the Swiss defendant be served pursuant to letters rogatory as required by Swiss law?

## FACTS

The plaintiffs were injured in an explosion in Gaston, South Carolina on April 15, 1985. The statute of limitations (SOL) on their claims is six years under S.C. Code Ann. § 15-3-530(5), and expired on April 15, 1991. They instituted the present suit against the defendant MAERZ Ofenbau AG, a Swiss corporation, on April 2, 1991 by delivering copies of their Summons and Complaints (S & C) to the South Carolina Secretary of State, pursuant to S.C. Code Ann. § 15-9-245 (Supp. 1993). The Secretary of State in turn mailed the S & C on April 8, 1991, which was received by MAERZ on April 16, 1991. The question is whether service was effective a) upon delivery to the Secretary of State, or b) upon receipt by MAERZ.

Plaintiffs also initiated service pursuant to letters rogatory on March 29, 1991 which were received by MAERZ in May, 1991. Accordingly, assuming service was sufficient under South Carolina law, the issue is whether service was in compliance with Swiss law[1] which requires service of process on a Swiss corporation be made pursuant to letters rogatory.

## DISCUSSION

### 1) EFFECTIVE DATE OF SERVICE

S.C. Code Ann. § 15-9-245 (Supp. 1993) provides for the service of process on foreign corporations not authorized to do business in South Carolina. It states, in part:

**(a) Every foreign corporation which is not authorized to do business in this State . . . is consid-**

---

[1] The District Court's certified question assumes that service here was in violation of Swiss law. As will be discussed in Issue 2, below, this assumption is incorrect.

**ered to have designated the Secretary of State as its agent upon whom process against it may be served** in any action or proceeding arising in any court in this State. . . .

(b) **Service of the process is made by delivering to and leaving with the Secretary of State . . . duplicate copies of the process.** . . . The Secretary of State immediately shall cause one of the copies to be forwarded by certified mail, addressed to the corporation . . . . (Emphasis supplied.)

In construing statutes similar to the one at hand, this Court has held that service is effected when the designated agent is served. *Ballenger Electrical Contractors, Inc. v. Reach-All Sales, Inc.*, 276 S.C. 394, 279 S.E. (2d) 127, 128 (1981). (Twenty-day period in which foreign corporation not authorized to do business in South Carolina must file responsive pleading runs from date of service on Secretary of State rather than date corporation receives pleadings.) *See also Craps v. Mercury Construction Corp. et al.*, 275 S.C. 546, 273 S.E. (2d) 770 (1981); *Morgan v. State Farm Mutual Insurance Co.*, 229 S.C. 44, 91 S.E. (2d) 723 (1956). Similarly, the United States District Court for the District of South Carolina has held that service under § 15-9-245 is effected upon delivering suit papers to the Secretary of State. *Hammond v. Honda Motor Co., Ltd.*, 128 F.R.D. 638 (D.S.C. 1989). This accords with the general rule that service upon an agent designated by law is permissible without any need to personally serve the defendant. 62B Am. Jur. (2d) *Process* § 239. Once a summons and complaint are delivered to the secretary of state, service is complete, regardless of whether the corporation actually receives notice of the suit. 19 C.J.S. *Corporations* § 959. We hold that service pursuant to § 15-9-245 is effective upon delivery of the S & C to the Secretary of State.

MAERZ contends our opinion in *Dandy v. American Laundry Machinery, Inc.*, 301 S.C. 24, 389 S.E. (2d) 866 (1990), *overruled in part on other grounds Garner v. Houck*, 312 S.C. 481, 435 S.E. (2d) 847 (1993), mandates a contrary result. We disagree. In *Dandy*, we held that service of process under the long-arm statute, S.C. Code Ann. § 36-2-806(1)(c),[2] is not com-

---

[2] The subsection was amended by 1993 Act No. 42, § 3, effective April 23, 1993.

plete until **delivery.** *Dandy* is clearly inapposite. The result in *Dandy* was mandated by the fact that the actual "mode of service" was service by mail requiring a return receipt and, if the plaintiff chose to effectuate service in that manner, proof of actual service was necessary. Here, because MAERZ has failed to register to do business in this state, § 15-9-245 deems the Secretary of State to be its lawfully designated agent upon which service of process may be made. The "mode of service" under § 15-9-245 is delivery to the Secretary of State.[3] *Dandy* is simply inapplicable here.

We hold that service was effective upon delivery of the S & C to the Secretary of State.[4]

## 2) *LETTERS ROGATORY*

Under Swiss law, a defendant must be served pursuant to letters rogatory.[5] The issue, as framed by the District Court, is whether a lawsuit may proceed against a Swiss defendant when service of process complies with South Carolina law but is in violation of Swiss law. Inasmuch as the question framed assumes service here was in violation of Swiss law, it is misleading. We find that service here did, in fact, comply with Swiss law.

Under South Carolina law, a suit commenced within the time prescribed by statute tolls the statute of limitations. *Henderson v. Griffin*, 30 U.S. 151, 5 Pet. 151, 8 L.Ed. 79 (1831); *Edson v. Davis*, 1 McCord 555, 556 (12 S.C. Law) (1822). A civil action is commenced by filing and service of the summons and complaint. *Dandy, supra.* As noted above, service here was effective upon delivery of the S & C

---

[3] Although § 15-9-245 requires proof of service, the foreign corporation's failure to accept service does not vitiate service if the plaintiff otherwise complies with the statute.

[4] Contrary to MAERZ' contention, foreign defendants will not be subjected to suits without notice. Should the time limit for answering expire before a foreign defendant receives notice of the complaint from the Secretary of State and the defendant be held in default, it may move for relief pursuant to Rules 55(c) and 60(b), SCRCP.

[5] The Swiss position is based "on an extreme view of the nature of sovereignty, whereby any act touching Switzerland, including mailing of service *into* Switzerland from the United States, is viewed by Switzerland as a judicial act by the United States *within* Switzerland, thereby invading Swiss Sovereignty." *Vazquez v. Sund Emba AB*, 152 A.D. (2d) 389, 548 N.Y.S. (2d) 728, 731, n. 3 (1989).

to the Secretary of State. Accordingly, once service was effected, the statute of limitations was tolled. We find the subsequent service of letters rogatory on MAERZ sufficient to comply with Swiss law.

In any event, failure to serve process pursuant to Swiss law would not, in our opinion, deprive South Carolina courts of jurisdiction. The law of the forum determines matters relating to process, as well as its nature and effect. 16 Am. Jur. (2d) *Conflict of Laws* § 125. "Since failure to obtain personal service abroad usually does not affect jurisdiction, the worst consequence is the possibility of having a judgment set aside within the statutory period. Complete frustration will not result from the failure to effect personal service, but only from a foreign country's objection to American methods of service and the resulting refusal to enforce an American judgment." Jones, *International Judicial Assistance: Procedural Chaos and a Program for Reform,* 6 Yale L.J. 515, 538 (1953). The fact that a foreign court may not recognize and give full faith and credit to a judgment is not a proper basis on which to abstain from entertaining suit against a foreign corporation. *Hunt v. Mobil Oil Corp.,* 410 F. Supp. 4 (1975). The only relevant question is the sufficiency of process under United States laws. 62B Am. Jur. (2d) *Process* § 365. "In fact, it m well be that the plaintiff, if he prevails, can fully satisfy his judgment in the United States and never have to go abroad for this purpose." *Id. See also* Miller, *International Cooperation in Litigation Between the United States and Switzerland: Unilateral Procedural Accommodation in a Test Tube,* 49 Minn. L. Rev. 1069, 1085-86 (1965).[6]

## CONCLUSION

The certified questions are answered as follows:

1. Service of process pursuant to S.C. Code Ann. § 15-9-545 is effective upon the delivery of the summons and complaint to the Secretary of State.

---

[6] MAERZ' reliance upon the New York case of *East Continental Gems, Inc. v. Yakutiel,* 153 Misc. (2d) 883, 582 N.Y.S. (2d) 594 (19922) is misplaced. *Yakutiel* is not controlling here since plaintiffs in this case complied with Swiss law by service of letters rogatory on the defendant. In any event, this Court is not bound by the law of a New York state court.

2. Since the statute of limitations was tolled upon the plaintiffs' delivery of the summons and complaint to the Secretary of State, the subsequent issuance of letters rogatory to the defendant was in compliance with Swiss law.

Certified questions answered.

FINNEY, C.J., TOAL and MOORE, JJ., and A. LEE CHANDLER, Acting Associate Justice, concur.