558 S.E.2d 527

Estate of Ruby Bryant MOON, by Personal Representative Teresa Gregory and James Thomas Moon, Milton Smith, Gene Tapp, Deborah Tapp, Gladys Finley, Ronald Finley, Spurgeon West, sole heir of Joyce West, deceased and James Hodge, Appellants,

v.

The CITY OF GREER, a Municipal Corporation organized and existing under the laws of the State of South Carolina, Respondent.

No. 3432.

Court of Appeals of South Carolina.

Heard Dec. 5, 2001.

Decided Jan. 14, 2002.

H. Michael Spivey, of Mauldin, for appellants.

John B. Duggan and Andrew S. Culbreath, both of Love, Thornton, Arnold & Thomason, of Greer, for respondent.

Amicus Curiae: Roy D. Bates, of Columbia.

GOOLSBY, J.

This case involves a challenge to an annexation ordinance adopted by the City of Greer. Upon the City's motion, the trial court dismissed the complaint on the ground that certain statutory requirements had not been met. We affirm.

## BACKGROUND

On August 24, 1998, the City began an annexation drive for seventeen tracts of property that were outside but adjoining the city limits. The annexation petition received the necessary signatures to proceed with the proposed annexation.[1] Included in the petition were the signatures from Milton T. Smith, James E. Hodge, Spurgeon R. West, Deborah Lynne Tapp, Gene L. Tapp, Gladys Finley, and Ruby Moon.

The first reading of the annexation ordinance took place August 27, 1998. This ordinance was read a second time and adopted by the City on September 3, 1998. On November 2, 1998, Appellants filed a summons and complaint with the Clerk of Court for Greenville County,[2] which was served on the City on the next day. Thereafter, on November 10, 1998, the City adopted a zoning ordinance that classified the newly-annexed property.

On December 30, 1998, the City filed its answer along with a motion to dismiss Appellants' action. Attached to the City's pre-hearing brief were affidavits from the Clerk of the City of

---

1. *See* S.C.Code Ann. § 5–3–150(1) (1976 and Supp.2000) ("Any area of property which is contiguous to a municipality may be annexed to the municipality by filing with the municipal governing body a petition signed by seventy-five percent or more of the freeholders ... owning at least seventy-five percent of the assessed valuation of the real property in the area requesting annexation.").

2. An amended summons and complaint was subsequently filed with the Clerk of Court on November 4, 1998. The amended complaint apparently only corrects a mistake in the caption.

Greer and the Clerk of Court of Greenville County during the calendar year 1998. In her affidavit, the Clerk of the City of Greer stated no one filed with her office a notice of intention to contest the approval of annexation ordinance. Likewise, the Greenville County Clerk of Court stated no one filed with his office a notice expressing an intention to appeal or protest the proposed annexation. Appellants filed their response opposing the motion.

The trial court dismissed the action on two grounds: (1) Appellants failed to comply with one of the two statutory requirements for challenging a proposed annexation; and (2) Appellants essentially acquiesced in the annexation by actively participating in the subsequent zoning process involving the annexed land. Appellants unsuccessfully moved to alter or amend the trial court's order and filed this appeal.

## DISCUSSION

South Carolina Code section 5-3-270 provides an interested party may not contest the adoption of an annexation order unless:

the person interested therein shall, within sixty days after the result has been published or declared, file with both the clerk of the city or town and with the clerk of court of the county in which the city or town is situate, a notice of his intention to contest such extension, *nor unless*, within ninety days from the time the result has been published or declared an action shall be begun and the original summons and complaint filed with the clerk of court of the county in which the city or town is situate.[3]

The trial court interpreted this provision as requiring a litigant to meet two contingencies in order to prosecute an action to challenge the validity of an annexation ordinance. First, within sixty days after the publication or declaration of the annexation, the litigant must file with both the appropriate municipal clerk and the county clerk of court a notice of intention to contest the annexation. Second, the litigant must

---

**3.** S.C.Code Ann. § 5-3-270 (1976) (emphasis added). After the trial court dismissed the present lawsuit, the legislature amended the statute; however, the amendment resulted in no substantive change. 2000 Act. No. 250 § 3 (eff. May 1, 2000).

file a court action contesting the validity of the annexation ordinance within ninety days of final approval of the annexation ordinance.

Appellants, however, contend the term "nor unless," as used in this particular section, is disjunctive rather than conjunctive, and the filing of their summons and complaint within the prescribed time limit was therefore all that was necessary in order for them to proceed with their action to challenge the annexation. We disagree.

"The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature." [4] "In interpreting a statute, words must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation." [5] "Statutes, as a whole, must receive practical, reasonable, and fair interpretation, consonant with the purpose, design, and policy of lawmakers." [6] "Subtle or forced construction of statutory words for the purpose of expanding the operation of a statute is prohibited." [7] We should therefore give statutory provisions a reasonable construction consistent with the purpose of the statute.[8]

In *Hite v. Town of West Columbia*,[9] which was cited by the trial court in support of its decision, the supreme court, in affirming a demurrer in a suit to determine the validity of an annexation, noted the appellants, in failing to file protests with

---

**4.** *Mid–State Auto Auction v. Altman,* 324 S.C. 65, 69, 476 S.E.2d 690, 692 (1996).

**5.** *Rowe v. Hyatt,* 321 S.C. 366, 369, 468 S.E.2d 649, 650 (1996).

**6.** *TNS Mills, Inc. v. South Carolina Dep't of Revenue,* 331 S.C. 611, 624, 503 S.E.2d 471, 478 (1998); *see also Whitner v. State,* 328 S.C. 1, 492 S.E.2d 777 (1997) (stating courts should consider not merely the language of the particular clause being construed, but the word and its meaning in conjunction with the purpose of the whole statute and the policy of the law).

**7.** *TNS Mills,* 331 S.C. at 624, 503 S.E.2d at 479.

**8.** *Jackson v. Charleston County Sch. Dist.,* 316 S.C. 177, 447 S.E.2d 859 (1994).

**9.** 220 S.C. 59, 66 S.E.2d 427 (1951).

the clerk of the town council and with the county clerk of court, did not meet the requirements set forth in the 1946 version of section 5–3–270. Appellants contend *Hite* is distinguishable from the present case in that the version of the statute then in effect contained the wording "and, unless" rather than "nor unless," which appears in the present version.

We, however, accord no significance to the change in the wording of section 5–3–270 to substitute "nor unless" for "and, unless." Although the phrase "and, unless" was changed to "nor unless" when the entire code was revised in 1962, we found no indication in the legislative history that the South Carolina General Assembly intended any change in the substantive meaning of the statute or its requirements. In our view, then, the alteration does not affect the interpretation of the statute.[10]

■■■ Moreover, despite Appellants' assertions to the contrary, the requirement that notice be filed with the municipal clerk and clerk of court is more than a mere formality. Rather, it is a condition precedent that an aggrieved party must satisfy before filing a summons and complaint[11] and is analogous to the filing of a proof of claim in an action against a

---

10. *See South Carolina Elec. and Gas Co. v. Public Serv. Comm'n,* 272 S.C. 316, 321, 251 S.E.2d 753, 756 (1979) ("In the codification of a statute, *as distinguished from amendment,* changes in phraseology or the omission or addition of words do not necessarily require a change in the construction of the original act.") (emphasis added); 82 C.J.S. *Statutes* § 273, at 349 (1999) ("In the revision or codification of statutes, a mere change in phraseology or punctuation, or the addition or omission of words, is not regarded as changing the operation, effect, or meaning of the statutes, unless the intent to change is clear and unmistakable.").

11. *See Thomas v. Grayson,* 318 S.C. 82, 456 S.E.2d 377 (1995) (recognizing a distinction between a condition precedent and a statute of limitations); *cf. Craps v. Mercury Constr. Corp.,* 275 S.C. 546, 273 S.E.2d 770 (1981) (holding a showing of excusable neglect is a condition precedent to a grant of relief to file a late answer); *Benton v. Logan,* 323 S.C. 338, 474 S.E.2d 446 (Ct.App.1996) (noting the exercise of due diligence in ascertaining the correct address of the property owner under a statute authorizing the foreclosure of a tax lien is a condition precedent to sending the requisite notice before the foreclosure sale).

governmental entity [12] and, to a lesser extent, to the filing of a notice of appeal.[13] If we were to agree with Appellants that they needed to satisfy only one of the two requirements of section 5-3-270, it would follow that disgruntled property owners could indefinitely prolong a proposed annexation by merely filing notices with the municipal clerk and the clerk of court without ever having to file a lawsuit in order to perfect their challenge.[14] It defies logic, then, to read the two provisions of section 5-3-270 disjunctively.[15]

We therefore hold the trial court's interpretation is the only reasonable reading of section 5-3-270. A party wishing to challenge the adoption of an annexation ordinance must first, as a condition precedent, timely file a notice of intent to challenge the annexation. This requirement helps to promote a prompt resolution of the controversy and enables municipal authorities to plan appropriately with regard to the contested annexation and to minimize expenditures that might later prove to be unnecessary if the annexation eventually fell

12. S.C.Code Ann. § 15-78-80 (Supp.2000) (concerning the requirements of filing a verified claim under the South Carolina Tort Claims Act); *Hazard v. South Carolina State Highway Dep't*, 264 S.C. 386, 393, 215 S.E.2d 438, 441 (1975) ("Since the filing of a claim is a condition precedent to the accrual of a cause of action, no vested right could be obtained by a victim of the governmental tort until the claim provisions of the statute have been complied with."), *overruled on other grounds by McCall v. Batson*, 285 S.C. 243, 329 S.E.2d 741 (1985).

13. *See* Rule 203, SCACR (requiring the service and filing of a notice of appeal by a party intending to appeal a decision); *State v. Hinson*, 303 S.C. 92, 399 S.E.2d 422 (1990) (holding the appellant's failure to timely serve a notice of intent to appeal deprived the supreme court of jurisdiction to consider the matter).

14. As to any contention that satisfaction of the first requirement would have entitled Appellants to file their lawsuit within one of the time periods set forth in the statutes of limitations in Title 15, we note the supreme court has stated the ninety-day deadline for filing an action under section 5-3-270 prevails over any general statute of limitations. *State ex rel. Condon v. City of Columbia*, 339 S.C. 8, 528 S.E.2d 408 (2000).

15. *See Clemson Univ. v. Speth*, 344 S.C. 310, 313, 543 S.E.2d 572, 573 (Ct.App.2001) ("The goal of statutory construction is to harmonize statutes whenever possible and to prevent an interpretation that would lead to a result that is plainly absurd.").

through.[16]  Only when the required notice is given does an aggrieved party have leave to initiate a lawsuit, which must be filed within the ninety-day limitations period.

Because Appellants' failure to file the statutorily required notice with the city clerk and the clerk of court is an absolute bar to their action to contest the annexation, we do not address the other issues on appeal.

**AFFIRMED.**

HUFF and STILWELL, JJ., concur.

---

16.  *See Hite,* 220 S.C. at 66, 66 S.E.2d at 430 ("[A]nnexation issues should be decided without undue delay, so that the town officials would be advised whether the affected area would become a part of the municipality.  Many questions connected with municipal government, including that of taxation, would need to be known with reasonable promptness.").